■ HARRY KLEIN, Respondent, v CITY OF YONKERS, Appellant.—In an action, *inter alia,* to recover damages for the negligent issuance of a certificate of occupancy, defendant appeals from an order of the Supreme Court, Westchester County, entered February 16, 1979, which denied its motion, pursuant to CPLR 3211 (subd [a], pars 5, 7), to dismiss the complaint on the grounds that the action is barred by the Statute of Limitations and the complaint fails to state a cause of action. Order reversed, on the law, without costs or disbursements, and motion granted. The plaintiff seeks to recover damages for the destruction of his apartment building by fire in 1973. The complaint avers, in two causes of action, that plaintiff purchased the building in 1969 in reliance on a certificate of occupancy issued in 1964, after the defendant City of Yonkers negligently and "fraudulently" failed to discover "defective and improper fire stops" on the premises. A notice of claim was filed on April 11, 1973. Thereafter, an action was commenced by service of a summons on March 13, 1974 and, following service of a complaint, issue was joined on July 2, 1974. The action is time barred under the General Municipal Law. This statute requires that an action must be commenced within one year and 90 days, not from the accrual of the cause of action, but rather from "the happening of the event upon which the claim is based" (General Municipal Law, § 50-i, subd 1, par [c]). The "event" in this case must be deemed to be the issuance of the certificate of occupancy in July, 1964, not the destruction of the building by fire in 1973 (see *Doyle v 800 Inc.,* 72 AD2d 761). Mollen, P. J., Titone, Mangano and O'Connor, JJ., concur.