■ BOARD OF MANAGERS OF YARDARM BEACH CONDOMINIUM, on Behalf of the Condominium and Unit Owners Thereof as Their Respective Interests Appear, et al., Respondents, v VECTOR YARDARM CORPORATION et al., Respondents, and DAVID K. SPECTER, Appellant. — Order entered August 11, 1983 in Supreme Court, New York County (Alfred M. Ascione, J.) denying defendant Specter's motion to dismiss the third cause of action, is unanimously reversed, on the law, and the motion is granted, without costs.

In January of 1974 defendant Shapiro contracted with defendant Specter, an architect, for the design and construction of certain ocean-front condominiums, as well as other work not here pertinent. The condominiums were completed and a certificate of occupancy issued on November 15, 1976. In September of 1979 the owners began to notice excessive deterioration of the condominium complex. Plaintiffs, who represented the owners, commenced this action on June 23, 1982, seeking damages from Shapiro and his realty corporations upon the grounds that they breached their contract and warranties regarding the quality of construction, thereby damaging the owners in the amount of $10 million. In their third cause of action the plaintiffs alleged that as a result of defendant Specter's "willful, reckless and intentional negligence, without any negligence on the part of plaintiffs contributing thereto, the defendant failed to properly design, supervise and make reasonable inspections of the condominium facilities and premises."

Specter moved for dismissal of the third cause of action on the ground that it was barred by the Statute of Limitations, which provides that a malpractice action must be commenced within three years of the occurrence of the cause of action. Defendant Specter maintained that the construction project was completed upon the issuance of the certificate of occupancy, which was on November 15, 1976, and therefore the Statute of Limitations for a malpractice action expired on November 13, 1979.

Plaintiffs argued that the third cause of action is one of simple negligence, not malpractice, because plaintiffs had no contractual relationship with defendant Specter. Since the Statute of Limitations on negligence is deemed to occur on the date of the injury, the plaintiffs allege that the cause of action arose in September of 1979, when the owners began to notice the excessive deterioration of the condominium complex. Applying this three-year statute, plaintiffs argue that it expired in September of 1982, approximately two months after the complaint was served upon the clerk. Special Term agreed and denied Specter's motion for dismissal in the third cause of action, finding that the cause of action pleaded negligence, and therefore the cause of action arose in September 1979, and that the action was timely commenced against Specter.

We would reverse and grant Specter's motion to dismiss the third cause of action. Special Term was correct in determining that the relationship between the plaintiffs and Specter mandated viewing the action in terms of a negligence rather than a malpractice standard. However, the court erred in determining that the cause of action accrued in September 1979 when the plaintiffs noticed the excessive deterioration of the complex.

In determining when a cause of action accrues in a negligence case, the Court of Appeals has ruled that the "cause of action accrues only when the forces wrongfully put in motion produce injury." (*Schmidt v Merchants Desp. Transp. Co.*, 270 NY 287, 300 [inhalation of dust resulting in lung disease].) Accordingly, in *Cubito v Kreisberg* (69 AD2d 738, *affd* 51 NY2d 900), the plaintiff tenant commenced an action on October 6, 1977 against the building architect to recover damages for personal injuries sustained when she fell in the laundry room on October 30, 1974. Plaintiff alleged that the architect negligently designed the floor so as to allow water to accumulate, thereby causing her fall. The defendant moved to dismiss the action as barred by the Statute of Limitations, arguing that the action sounded in malpractice and arose when certificate of final inspection was issued on May 7, 1973. Thus, the three-year Statute of Limitations expired on May 7, 1976, 17 months before the commencement of the action. The court, in rejecting defendant's position, stated (p 742): "[W]e think that malpractice in the statutory sense describes the negligence of a professional toward the person for whom he rendered a service, and that an action for malpractice springs from the correlative rights and duties assumed by the parties through the relationship. On the other hand, the wrongful conduct of the professional in rendering services to his client resulting in injury to a party *outside* the relationship is simple negligence." (Emphasis supplied.)

The *Cubito* analysis was recently applied in *Credit Alliance Corp. v Andersen & Co.* (122 Misc 2d 1045, *affd* 101 AD2d 231).

In the case at bar, respondent owners of interest in Yardarm Beach had no relationship with appellant architect. Therefore, as in *Schmidt* (*supra*), their cause of action against Specter accrued when Specter wrongfully put into motion forces which caused the injury and when his liability for the injury arose, i.e., upon his completion of the building. (*Compare, Excelsior 57th Corp. v 303 Assoc.*, NYLJ, Sept. 7, 1978, p 6, col 2, *affd* 73 AD2d 849.) Thus, Specter's obligation with respect to the oceanside units was satisfied when the certificate of occupancy was issued on November 15, 1976. Likewise, his minimal obligation with respect to the bayside units was satisfied no later than September 15, 1978, when the certificate of occupancy for those units was issued. Since it appears that Specter was not responsible for obtaining a certificate of occupancy for the restaurant conversion, his duties were satisfied no later than April 3, 1979, when he received final payment. Consequently, the Statute of Limitations was a bar to this action. Concur — Sullivan, J. P., Carro, Asch and Fein, JJ.