■ 431 CONKLIN CORP. et al., Appellants, v LAURENCE J. RICE, Respondent.—In an action to recover damages for alleged negligence, the plaintiffs appeal from an order of the

Supreme Court, Nassau County (McCabe, J.), dated May 14, 1990, which granted the defendant's motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The individual plaintiff and John Hatgis entered into a contract with Laurence J. Rice, Inc., pursuant to which the latter was to construct a building on premises owned by the plaintiff 431 Conklin Corp. in Farmingdale, New York. At the time the action was commenced, the individual plaintiff Jo-Anne Von Zwehl was the sole shareholder of the corporate plaintiff, it appearing that John Hatgis had assigned his interest to her. The defendant Laurence J. Rice is a principal and a shareholder of Laurence J. Rice, Inc.

The plaintiffs commenced this negligence action against the defendant personally, alleging that while performing his responsibilities under the contract between the plaintiffs and Laurence J. Rice, Inc., he "failed to use reasonable care and skill in connection with the construction, in selecting and purchasing materials, selecting and giving directions to subcontractors, obtaining necessary permits and utilities, coordinating trades, supervising and directing the construction and the completion of the work which resulted in the building being constructed in an unworkmanlike manner, incorporating defective materials, not being watertight and numerous and substantial defects and delays in the construction".

The defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7), arguing that he had signed the contract as President of Laurence J. Rice, Inc., and that he never acted or purported to act in his individual capacity. He argued further that the allegedly negligent acts formed part and parcel of the performance of the contract by the corporation.

We agree with the defendant that the Supreme Court properly dismissed the complaint. "[A] simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated * * *. This legal duty must spring from circumstances extraneous to, and not constituting elements of, the contract, although it may be connected with and dependent upon the contract" (Clark-Fitzpatrick, Inc. v Long Is. R. R. Co., 70 NY2d 382, 389; see also, Rich v New York Cent. & Hudson Riv. R. R. Co., 87 NY 382). The allegedly negligent acts constitute nothing more than allegations of a breach by the corporate general contractor of its implied obligations under its contract with the

plaintiffs, and for which the defendant cannot be held personally liable *(see, Westminster Constr. Co. v Sherman,* 160 AD2d 867). "Merely charging a breach of a 'duty of due care', employing language familiar to tort law, does not, without more, transform a simple breach of contract into a tort claim" *(Clark-Fitzpatrick, Inc. v Long Is. R. R. Co., supra,* at 390; *see also, Megaris Furs v Gimbel Bros.,* 172 AD2d 209; *Dormitory Auth. v Candill Rowlett Scott,* 160 AD2d 179; *Hoydal v City of New York,* 154 AD2d 345). The defendant cannot be held liable " ' "merely due to the fact that, while acting for the corporation, he has made decisions and taken steps that resulted in the corporation's promise being broken" ' " *(Courageous Syndicate v People-To-People Sports Comm.,* 141 AD2d 599, 600). Thompson, J. P., Rosenblatt, Miller and Copertino, JJ., concur.