■ PLEASANT RIDGE TOWNHOUSES HOMEOWNERS' ASSOCIATION, INC., Appellant, v T & D CONSTRUCTION CORP. et al., Defendants, and TOWN OF MOUNT PLEASANT, Respondent.—In an action to recover damages for the defective construction of a townhouse community, the plaintiff appeals from an order of the Supreme Court, Westchester County (Delaney, J.), entered December 14, 1989, which granted the motion of the defendant Town of Mount Pleasant for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is affirmed, with costs.

In or about late January 1988 the plaintiff homeowners' association commenced this action against, *inter alia*, the Town of Mount Pleasant. The plaintiff filed a notice of claim against the Town in September 1987, averring that the Town had negligently permitted its townhouse community to be constructed with an improperly designed drainage system, in violation of State and local building codes, causing extensive flooding on the property. The Town moved to dismiss on the ground that both the notice of claim and the commencement of the action were untimely. The Town argued that the plaintiff's claim accrued on November 21, 1983, nearly four years before the notice of claim was filed, when the Town granted permission to construct the development. The plaintiff argued that its claim did not accrue until July 3, 1987, the date on which its engineer issued a report revealing the cause of the flooding. The Supreme Court, Westchester County, found that the plaintiff's claim accrued, at the latest, on July 7, 1986, the date on which the last certificate of occupancy was issued by the Town. Thus, the court found that the notice of claim and the commencement of the action were untimely and dismissed the complaint insofar as it was asserted against the Town.

General Municipal Law § 50-i requires that an action against a municipality to recover damages for personal injury or property damage be commenced within one year and 90 days from the "happening of the event upon which the claim is based" (General Municipal Law § 50-i [1]; *see, Klein v City of Yonkers*, 73 AD2d 931, *affd* 53 NY2d 1011). As in the *Klein* case, the "event" in this case is the issuance of the certificate of occupancy *(see also, Doyle v 800, Inc.*, 72 AD2d 761). Since the last certificate of occupancy for the property was issued on July 7, 1986, and this action was not commenced until nearly 18 months later, it is untimely.

We have considered the plaintiff's remaining contentions and find them to be without merit. Sullivan, J. P., Rosenblatt, Miller and Santucci, JJ., concur.