■ ANITA SAFAROWIC, Respondent, v DINOZZI BUILDING CORP. et al., Defendants, and TOWN OF MOUNT PLEASANT et al., Appellants. [613 NYS2d 944] —In an action to recover damages based on the negligent and fraudulent issuance of a certificate of occupancy, the defendants Town of Mount Pleasant and Estate of Cy Muscolino appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Gurahian, J.), dated July 31, 1992, as (1) denied their motion for summary judgment dismissing the

fifth, sixth and seventh causes of action contained in the original complaint, and (2) granted the plaintiff's cross motion for leave to serve an amended complaint, which amendment consisted of adding one cause of action based on breach of contract against the Town and two causes of action based on fraud, one against each of the two appellants.

Ordered that the order is modified, on the law and as a matter of discretion, (1) by deleting the provision thereof which denied the motion of the appellants for summary judgment dismissing the fifth, sixth, and seventh causes of action insofar as asserted against them in the original complaint and substituting therefor a provision granting that motion, (2) by deleting the provision thereof which granted the plaintiff's cross motion in its entirety and substituting therefor a provision granting the cross motion solely to the extent of granting leave to the plaintiff to serve an amended complaint asserting one cause of action based on fraud against the appellant Estate of Cy Muscolino, and (3) by adding a provision severing and dismissing the plaintiff's cause of action against the appellant Town of Mount Pleasant; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the plaintiff's time to serve the amended complaint is extended until 30 days after service upon her of a copy of this decision and order, with notice of entry.

The plaintiff's original complaint contained seven causes of action, the fifth, and sixth of which were against the Town of Mount Pleasant and the seventh of which was against the Estate of Cy Muscolino, the former supervising building inspector of the Town of Mount Pleasant. In her original complaint, the plaintiff alleged, *inter alia,* that Mr. Muscolino "negligently failed to perform his duties", and that, as a result of Mr. Muscolino's negligence, the Town issued a certificate of occupancy with respect to a certain building purchased by the plaintiff, notwithstanding the existence of several "blatant" Building Code and Fire Code violations. The plaintiff allegedly suffered monetary damages on account of the negligent issuance of this certificate of occupancy.

We agree with the appellants that the fifth, sixth, and seventh causes of action asserted in the original complaint against them were not timely interposed *(see,* General Municipal Law § 50-i [1]). We also agree that the appellants are not estopped from asserting a defense based on the Statute of Limitations *(see, Okie v Village of Hamburg,* 196 AD2d 228;

*Pleasant Ridge Townhouses Homeowners' Assn. v T & D Constr. Corp.,* 181 AD2d 871; *Klein v City of Yonkers,* 73 AD2d 931, *affd* 53 NY2d 1011; *Doyle v 800, Inc.,* 72 AD2d 761).

Further, we find that the two additional causes of action asserted against the Town of Mount Pleasant in the plaintiff's proposed amended complaint (one cause of action based on breach of contract and one cause of action based on fraud) are either time-barred or patently meritless. The plaintiff's cross motion, insofar as it was to assert these two causes of action, in addition to the other two causes of action against the Town, noted above, should therefore have been denied.

However, we find that the plaintiff's proposed cause of action based on fraud and asserted against the Estate of Cy Muscolino, is adequately pleaded *(see,* CPLR 3016 [b]). Also, unlike that cause of action against the Estate which is based on negligence, this cause of action is not subject to the same Statute of Limitations defense as that available to the Town *(see,* Town of Mount Pleasant Code § 19-a [4] [b]; *see also, Bacalokonstantis v Nichols,* 141 AD2d 482; *Urraro v Green,* 106 AD2d 567). Therefore, the plaintiff's cross motion for leave to serve an amended complaint should have been granted solely to the extent of granting leave to assert a single cause of action against the Estate based on fraud and should have otherwise been denied. Mangano, P. J., Bracken, Pizzuto and Hart, JJ., concur.