■ RICHARD MERRITT, Appellant-Respondent, v HOOSHANG CONSTRUCTION, INC., Respondent-Appellant, et al., Respondents. [628 NYS2d 792] —In an action to recover damages, *inter alia,* for breach of contract, (1) the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Becker, J.), dated February 2, 1994, as granted the separate motions of the defendants Hooshang Ahdoot, James Thomas Martino and James Thomas Martino & Associates, and the Town of Hempstead for summary judgment dismissing the complaint insofar as it is asserted against them and (2) the defendant Hooshang Construction, Inc., cross-appeals from so such of the same order as denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with costs payable by the defendant Hooshang Construction, Inc., to the plaintiff and with one bill of costs payable by the plaintiff to defendants the Town of Hempstead, James Thomas Martino, James Thomas Martino & Associates, and Hooshang Ahdoot.

It is well settled that a claim against a municipality for negligently issuing a certificate of occupancy accrues when the certificate was issued and not when the injury occurs or the defective condition is discovered *(see, Klein v City of Yonkers,* 53 NY2d 1011, *affg* 73 AD2d 931; *Pleasant Ridge Townhouses Homeowners' Assn. v T & D Constr. Corp.,* 181 AD2d 871; *Matter of Stelman v Town of Poughkeepsie,* 146 AD2d 632). It is undisputed that the complaint in this case was filed more than one year and 90 days from the date that the defendant Town of Hempstead (hereinafter the Town) issued a certificate of occupancy for the plaintiff's house, which is the subject of this appeal. Therefore, the complaint, insofar as it is asserted against the Town, is barred by the one-year-and-90-day Statute of Limitations *(see,* General Municipal Law § 50-i [1] [c]).

It is undisputed that the architectural plans created by the defendant James Thomas Martino (hereinafter Martino) of the defendant James Thomas Martino & Associates (hereinafter Martino Associates) were used by the builder-vendor, the defendant Hooshang Construction, Inc. (hereinafter Hooshang Construction), when constructing the plaintiff's house. It is also undisputed that Hooshang Construction deviated from Martino's plans, and the plaintiff alleges that the deviation was the proximate cause of the house's defects. Therefore, Martino and Martino Associates are not liable to the plaintiff for negligently designing the house.

The defendant Hooshang Ahdoot (hereinafter Ahdoot), an officer of Hooshang Construction, allegedly made fraudulent misrepresentations to the plaintiff which induced the plaintiff to purchase the house. A review of the record reveals, however, that the statements allegedly made by Adhoot are not actionable under a fraud theory of liability because they are based on the same allegations that give rise to a breach of contract cause of action *(see, Brenner v De Bruin,* 186 AD2d 701, 703; *McKernin v Fanny Farmer Candy Shops,* 176 AD2d 233, 234; *Zaug v Dwyer/ Berry Constr. Corp.,* 152 AD2d 565, 566; *Tuck Indus. v Reichhold Chems.,* 151 AD2d 565, 566).

The plaintiff alleges that Ahdoot participated in the negligent construction of the house. However, allegations against a corporation and its officer for negligent construction of a house state a breach of contract cause of action and not a tort cause of action *(see, 431 Conklin Corp. v Rice,* 181 AD2d 716, 717-718; *Westminster Constr. Co. v Sherman,* 160 AD2d 867, 868). Ahdoot is not personally bound by the contract of sale. Thus, he may not be held personally liable merely because, while acting for Hooshang Construction, he made decisions and took steps

that resulted in Hooshang Construction breaching its contract with the plaintiff *(see, 431 Conklin Corp. v Rice, supra,* at 717-718; *Westminster Constr. Co. v Sherman, supra,* at 868).

In view of the foregoing, the Supreme Court properly granted the respective motions of the Town, Martino and Martino Associates, and Ahdoot for summary judgment dismissing the complaint insofar as it is asserted against them *(see, Zuckerman v City of New York,* 49 NY2d 557).

However, Hooshang Construction, as the builder-vendor of the house, impliedly warranted that the house was constructed in a skillful manner, free of material, latent defects *(see,* General Business Law § 777-a; *Caceci v Di Canio Constr. Corp.,* 72 NY2d 52). The record reveals that there is a factual dispute regarding whether the alleged defects in the house were visible when the plaintiff took title. Therefore, the Supreme Court properly denied Hooshang Construction's motion for summary judgment dismissing the complaint insofar as it is asserted against it. Miller, J. P, Thompson, Friedmann and Florio, JJ., concur.