■ BROOKLYN UNION GAS COMPANY, Respondent, v HUNTER TURBO CORP., Appellant. [660 NYS2d 877] —In an action to recover damages for injury to property, the defendant appeals from so much of an order of the Supreme Court, Kings County (Vaccaro, J.), dated May 13, 1996, as denied those branches of its motion which were for summary judgment dismissing the causes of action sounding in strict products liability and negligence.

Ordered that the order is affirmed insofar as appealed from, with costs.

On October 22, 1991, a wheel manufactured by the defendant, which had been installed in one of the plaintiff's compressor units, malfunctioned, causing damage to the surrounding equipment. The plaintiff commenced the instant action sounding in, *inter alia,* negligence and strict products liability on October 21, 1994. The defendant argues that the Statute of Limitations on these causes of action began to run when the wheel was first put into use, in 1989 or even earlier, with the result that the plaintiff's tort claims are time-barred. The defendant's contention is without merit.

CPLR 214 (4) provides that an action to recover damages for an injury to property must be commenced "within three years". It is well established that in any action to recover damages for negligence and/or strict products liability, the plaintiff's claim accrues upon the date of injury *(see, Jensen v General Elec. Co.,* 82 NY2d 77; *Snyder v Town Insulation,* 81 NY2d 429, 432; *Victorson v Bock Laundry Mach. Co.,* 37 NY2d 395; *Piper v International Bus. Machs. Corp.,* 219 AD2d 56; McLaughlin, 1990 Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C214:5, at 525). At bar, the elements of the plaintiff's claim were not complete until it was "damaged" when the defendant's wheel malfunctioned on October 22, 1991 *(Kronos, Inc. v AVX Corp.,* 81 NY2d 90). Accordingly, the causes of action sounding in negligence and strict products liability, asserted on October 21, 1994, were not time-barred. Miller, J. P., Friedmann, Krausman and Florio, JJ., concur.