■ FRANK L. SCARZFAVA, Respondent, v CITY OF NEWBURGH, Appellant. [680 NYS2d 595] —In an action, *inter alia,* to recover damages for injury to property, the defendant appeals from a judgment of the Supreme Court, Orange County (Peter C. Patsalos, J.), entered August 18, 1997, which, after a nonjury trial, and upon an order of the same court dated July 15, 1997, which, *inter alia,* denied its motion, in effect, to dismiss the complaint based upon the plaintiff's failure to serve a timely notice of claim, is in favor of the plaintiff and against it in the principal sum of $22,742.

Ordered that the judgment is reversed, on the law, with costs, the order dated July 15, 1997, is vacated, the motion is granted, and the complaint is dismissed.

The Supreme Court erred in denying the defendant's motion to dismiss the complaint. The record establishes that "the happening of the event upon which the claim [was] based" (General Municipal Law § 50-i [1]) was the City's alleged negligent failure to supervise the installation of a sewer line by the Town of Newburgh in 1988 (*see, Klein v City of Yonkers,* 53 NY2d 1011; *Johnson v Marianetti,* 202 AD2d 970; *Pleasant Ridge Townhouses Homeowners' Assn. v T & D Constr. Corp.,* 181 AD2d 871; *Nebbia v County of Monroe,* 92 AD2d 724). When measured from the date of that occurrence, the plaintiff's service of his notice of claim was untimely (*see, Nicholas v City of New York,* 130 AD2d 470; *cf., Flanagan v Board of Educ.,* 47 NY2d 613; *Badgett v New York City Health & Hosps. Corp.,* 227 AD2d 127). Ritter, J. P., Thompson, Santucci and Joy, JJ., concur.