■ JAMES L. GELWICKS et al., Respondents, v HAROLD CAMPBELL, SURVEYORS, Appellant. [684 NYS2d 264] —In a negligence

action to recover damages to property, the defendant Harold Campbell, sued herein as Harold Campbell, Surveyors [*sic*], appeals from an order of the Supreme Court, Westchester County (Silverman, J.), entered April 22, 1998, which denied his motion to dismiss the complaint on the ground that the action was barred by the Statute of Limitations.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

On December 23, 1992, the defendant, a professional engineer, certified that the septic system on a certain parcel of real property located in Bedford Corners, New York (hereinafter the property), was properly constructed, and the Westchester County Department of Public Health countersigned the certificate on January 4, 1993. The plaintiffs purchased the parcel in July 1996. Sometime in 1997, the plaintiffs discovered serious defects in the septic system, and on or about December 4, 1997, they commenced the instant action to recover damages for the alleged improper design and certification of the septic system. In his answer, the defendant interposed, *inter alia*, the affirmative defense that the action is barred by the Statute of Limitations, and thereafter moved to dismiss the complaint on that ground. The Supreme Court denied the motion, finding that the plaintiffs' cause of action accrued in 1997. We disagree and reverse.

The plaintiffs' contention that their cause of action only accrued in 1997 when their damages became apparent because the septic system failed and had to be repaired, is without merit. The cause of action in this matter accrued upon the completion of the defendant's work. In this case that was no later than January 4, 1993, the date the certificate of construction compliance was countersigned. Thus, the action was untimely commenced and must be dismissed (*see, Board of Mgrs. v Vector Yardarm Corp.*, 109 AD2d 684).

The plaintiffs' remaining contention, that CPLR 214-d extended the Statute of Limitations, is also without merit. That statute merely added a requirement that a plaintiff serve a notice of claim in certain actions against, among others, engineers, but did not affect the applicable Statute of Limitations (*see, CPLR 214-d). O'Brien, J. P., Sullivan, Krausman and Florio, JJ., concur.