■ Electra L. Polvino, Respondent, v Island Group Administration, Inc., Defendant, and William Floyd Union Free School District of the Mastics-Moriches-Shirley, Appellant. [694 NYS2d 728] —In an action, *inter alia*, to recover damages for bad faith in administering the health insurance claims of the plaintiff's decedent and for violation of New York State Executive Law § 296 and 42 USC § 12101 *et seq.*, the defendant William Floyd Union Free School District of the Mastics-Moriches-Shirley appeals from an order of the Supreme Court, Suffolk County (Seidell, J.), dated April 28, 1998, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it, or to dismiss the first, second, fourth, and fifth causes of action insofar as asserted against it for failure to serve a timely notice of claim pursuant to General Municipal Law § 50-e.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was to dismiss the first and second causes of action sounding in tort and substituting therefor a provision granting that branch of the motion and dismissing those causes of action for failure to serve a timely notice of claim pursuant to General Municipal Law § 50-e; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Under General Municipal Law § 50-e, tort claims against a public corporation, such as the defendant William Floyd Union Free School District of the Mastics-Moriches-Shirley (hereinafter the School District), require service of a notice of claim within 90 days after the claim accrues, as a condition precedent to the bringing of an action (*see, Matter of Chanecka v Board of Educ.*, 243 AD2d 1011).

The plaintiff claimed that the School District negligently and recklessly administered the decedent's health insurance claims from September 18, 1991, to May 3, 1993, and that as a result the decedent was denied home hyperalimentation treatment for her ulcer from about February 28, 1993, to March 22, 1993; she died on May 3, 1993. The decedent had written to the Assistant Superintendent of the School District on January 6, 1993, complaining of the administration of her insurance claims, and again on March 17, 1993, in which she complained of the cessation of her home hyperalimentation treatment. Under these facts, the claim arose before the decedent's death on May 3, 1993. The notice of claim filed on July 28, 1993, is therefore untimely, and the causes of action asserted against the school district sounding in tort must be dismissed.

The fourth and fifth causes of action to recover damages

under Executive Law § 296 and 42 USC § 12101 *et seq.*, based on alleged medical disability discrimination, are not tort claims and, therefore, are not governed by General Municipal Law § 50-e (*see, Lane-Weber v Plainedge Union Free School Dist.*, 213 AD2d 515). As the facts in this case raise an issue of credibility, the denial of the School District's motion for summary judgment dismissing those claims at this juncture was proper (*see, Ferrante v American Lung Assn.*, 90 NY2d 623). Santucci, J. P., Luciano, Schmidt and Smith, JJ., concur.