■ REGATTA CONDOMINIUM ASSOCIATION, Respondent, v VILLAGE OF MAMARONECK, Appellant, et al., Defendants. [758 NYS2d 348] —In an action, inter alia, to recover damages for negligent

construction and design of a condominium complex, the defendant Village of Mamaroneck appeals from so much of an order of the Supreme Court, Westchester County (Barone, J.), entered January 16, 2002, as denied its motion to dismiss the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the Village of Mamaroneck, and the action against the remaining defendants is severed.

The plaintiff condominium association commenced this action, inter alia, seeking damages arising from the alleged negligent design and construction of a condominium complex. The defendant Village of Mamaroneck moved to dismiss the complaint insofar as asserted as against it, arguing, inter alia, that the action was time-barred. The Supreme Court denied such relief. We reverse.

In support of its motion, the Village proffered evidence that the plaintiff's notice of claim was not filed within 90 days of the issuance of a final certificate of occupancy for the complex (*see* General Municipal Law § 50-e [1] [a]; *Polvino v Island Group Admin.*, 264 AD2d 720 [1999]), and that the action was not commenced within one year and 90 days of the same (*see* General Municipal Law § 50-i [1]; *Klein v City of Yonkers*, 53 NY2d 1011 [1981], *affg* 73 AD2d 931 [1980]; *Rosenbaum v Boulder Ridge Homeowners Assn.*, 276 AD2d 615, 616 [2000]; *Merritt v Hooshang Constr.*, 216 AD2d 542, 543 [1995]; *Pleasant Ridge Townhouses Homeowners' Assn. v T & D Constr. Corp.*, 181 AD2d 871, 872 [1992]). In opposition, the plaintiff argued that the relevant periods within which it was required to file its notice of claim and commence this action were governed by CPLR 9802, rather than General Municipal Law §§ 50-e and 50-i, in that its causes of action against the Village sounded in breach of contract, not tort. However, even assuming this to be correct, there is no merit to the plaintiff's assertion that such periods did not begin to run until May of 2000, when it received a report detailing alleged defects in the complex and the cost to repair the same. The cause of action alleging faulty construction or design, whether characterized as negligence, malpractice, or breach of contract, accrued upon the date of completion of construction, not when the injury occurred or the defective condition is discovered (*see City School Dist. of City of Newburgh v Stubbins & Assoc.*, 85 NY2d 535 [1995]; *Cabrini Med. Ctr. v Desina*, 64 NY2d 1059 [1985]; *Merritt v Hooshang Constr., supra*; *Pleasant Ridge Townhouses Homeowners' Assn.*

*v T & D Constr. Corp., supra*). Ritter, J.P., Santucci, Feuerstein and Schmidt, JJ., concur.