*204
 
 OPINION OF THE COURT
 

 Graffeo, J.
 

 A school district commenced this professional malpractice action upon discovering asbestos in one of its buildings more than a decade after completion and certification of an asbestos abatement project. The question presented is whether the claim accrued at the time of the alleged malpractice or upon discovery that asbestos remained in the building. Because the nature of plaintiff’s property damage claim does not fall within the purview of CPLR 214-c, the toxic tort remedial statute of limitations, we conclude that CPLR 214 (6) is the appropriate statute of limitations and the action was properly dismissed as untimely.
 

 Plaintiff Germantown Central School District contracted with defendant Clark, Clark, Millis & Gilson, ALA (Clark) in April 1985 for the provision of architectural services in connection with an asbestos abatement project for the District. Clark retained defendant Robson & Woese, Inc. (Robson) as the engineering subcontractor for the project. In December 1986, Clark and Robson certified to plaintiff that no asbestos remained in the areas designated for removal. All work on the project was completed in 1987.
 

 In the course of a renovation project 13 years later, plaintiff learned that asbestos was present in certain areas of the building that had been certified as asbestos-free by Clark and Robson. As a result of this revelation, in October 2000, plaintiff initiated a malpractice action against Clark, its individual partners and Robson to recover its abatement and related costs for removal of the asbestos. After answering, defendants moved for summary judgment on the basis that the action was precluded by the three-year statute of limitations for malpractice actions set forth in CPLR 214 (6).
 
 [1]
 
 Plaintiff opposed the motion and cross-moved for leave to serve an amended complaint.
 

 
 *205
 
 Supreme Court denied defendants’ motion and granted plaintiffs cross motion, concluding that the action was timely commenced within three years after plaintiffs discovery of asbestos in the building. The Appellate Division reversed and granted summary judgment to defendants, dismissing the complaint. As relevant to this appeal, the Court held that CPLR 214-c, the three-year discovery-based statute of limitations for toxic torts, was inapplicable to plaintiffs claimed property damage and that the malpractice action was untimely.
 

 CPLR 214-c (2) provides, in pertinent part:
 

 “Notwithstanding the provisions of section 214, the three year period within which an action to recover damages for * * * injury to property caused by the latent effects of exposure to any substance * * * upon or within property must be commenced shall be computed from the date of discovery of the injury by the plaintiff or from the date when through the exercise of reasonable diligence such injury should have been discovered by the plaintiff, whichever is earlier.”
 

 On appeal, plaintiff contends that this section should be available to save its claims because it was not aware of the continued presence of asbestos prior to January 2000.*
 
 [2]
 
 Urging that the need to perform additional remediation constitutes a latent injury distinct from the original installation of the asbestos, plaintiff requests reinstatement of its complaint. Defendants counter that section 214-c is not applicable in the absence of some allegation that plaintiff suffered a slowly-developing injury resulting from the latent effects of exposure to a toxic substance.
 

 The legislative history and objectives of section 214-c have been well articulated by this Court
 
 (see e.g. MRI Broadway Rental v United States Min. Prods. Co.,
 
 92 NY2d 421 [1998];
 
 Jensen v General Elec. Co.,
 
 82 NY2d 77 [1993]). As part of its 1986 tort reform package, the Legislature added a new section to CPLR article 2 (L 1986, ch 682) creating a date of discovery statute of limitations for toxic torts. The amendment was
 
 *206
 
 intended, to remedy the inequities that arose from application of the common-law exposure rule to toxic tort cases. In his Approval Memorandum, Governor Mario Cuomo observed that the existing three-year statute of limitations measured from the date of exposure “fail[ed] to recognize that the adverse effects of many of these toxic substances do not manifest themselves until many years after the exposure takes place,” and consequently, many claims were barred even before potential plaintiffs were aware of their injuries (Governor’s Approval Mem, Bill Jacket, L 1986, ch 682;
 
 see Matter of Steinhardt v Johns-Manville Corp.,
 
 54 NY2d 1008 [1981],
 
 mot to amend remittitur granted
 
 55 NY2d 825 [1981],
 
 cert denied
 
 456 US 967 [1982]). The adoption of the date of discovery rule therefore results in the tolling of the statute of limitations until a party harmed by a toxic substance discovers or should have discovered the injury.
 

 We have cautioned that even remedial statutes, like the one at issue here, “must be given a meaning consistent with the words chosen by the Legislature”
 
 (Enright v Eli Lilly & Co.,
 
 77 NY2d 377, 385 n 1 [1991],
 
 rearg denied
 
 77 NY2d 990 [1991],
 
 cert denied
 
 502 US 868 [1991];
 
 see Jensen v General Elec. Co.,
 
 82 NY2d at 83). As aptly noted by the Appellate Division, section 214-c (2) contains an express limitation mandating that the claimed injury be
 
 “caused by the latent effects of exposure”
 
 to a toxic substance (emphasis added). This requirement is consistent with the Legislature’s desire to offer recourse where the harm attributable to the toxic substance does not manifest itself until years after the exposure
 
 (see
 
 Sponsor’s Mem, Bill Jacket, L 1986, ch 682;
 
 Matter of New York County DES Litig. [Wetherill v Eli Lilly & Co.],
 
 89 NY2d 506, 513-514 [1997]). Thus, by its terms the statute does not provide a remedy to every asbestos-related personal injury or property damage claimant.
 

 In its complaint, plaintiff alleged that the asbestos remained undetected at the abatement site for 13 years after defendants’ certification of removal. Although the statute embraces an “injury to property,” there is no allegation by plaintiff that the asbestos migrated to a different location, became airborne or friable, or caused illness to any occupants of the building. Where, as here, plaintiffs property damage claim involves no additional damage to its building since the original implantation of the harmful substance — or, stated another way, where the passage of time has produced no change in the consequences of the presence of asbestos — the injury cannot be said to have resulted from the latent effects of exposure to a toxic
 
 *207
 
 substance. Plaintiffs situation is not analogous to hazardous waste or chemical spill contamination cases where the property damage results from the seepage or infiltration of a toxic foreign substance over time
 
 (see e.g. Jensen v General Elec. Co.,
 
 82 NY2d 77 [1993]). Here, the harm to plaintiff’s property occurred upon installation of the asbestos in the building
 
 (see MRI Broadway Rental v United States Min. Prods. Co.,
 
 92 NY2d at 427-428) and was constant thereafter.
 

 Under these circumstances and in light of the specific statutory language limiting the availability of the remedial discovery statute of limitations, the Appellate Division correctly held that section 214-c is not applicable to plaintiffs professional malpractice claims. As such, plaintiffs action, which accrued at the latest in 1987, was untimely under section 214 (6).
 

 Accordingly, the Appellate Division order, insofar as appealed from, should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Smith, Ciparick, Rosenblatt and Read concur; Judge Wesley taking no part.
 

 Order, insofar as appealed from, affirmed, with costs.
 

 [1]
 

 . CPLR 214 (6) provides a three-year statute of limitations for actions “to recover damages for malpractice, other than medical, dental or podiatric
 
 *205
 
 malpractice, regardless of whether the underlying theory is based in contract or tort.”
 

 [2]
 

 . This Court dismissed, on finality grounds, that portion of plaintiffs motion for leave to appeal seeking to overturn the Appellate Division’s denial of its motion to amend the complaint. Thus, the applicability of CPLR 214-c is the sole issue presented on this appeal.