■ MANHATTANVILLE COLLEGE, Respondent, v JAMES JOHN ROMEO CONSULTING ENGINEER, P.C., et al., Appellants, et al., Defendant. [774 NYS2d 542]—

In an action, inter alia, to recover damages for breach of contract, products liability, and professional malpractice, (1) the defendants James John Romeo Consulting Engineer, P.C., and Mechanical Marketing, Inc., separately appeal, as limited by their respective briefs, from stated portions of an order of the Supreme Court, Westchester County (Barone, J.), entered December 3, 2002, which, inter alia, denied their respective cross motions for summary judgment dismissing the complaint insofar as asserted against them, (2) the defendants AERCO International, Inc., and Rathe Associates, Inc., separately appeal from an order of the same court also entered December 3, 2002, which denied their respective cross motions for summary judgment dismissing the complaint insofar as asserted against them, (3) the defendant Peco, Inc., appeals from an order of the same court also entered December 3, 2002, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, (4) the defendants Peco, Inc., and James John Romeo Consulting Engineer, P.C., separately appeal from an order of the same court also entered December 3, 2002, which granted the plaintiff's motion for leave to serve and file a second amended complaint, and (5) the defen-

dant Peco, Inc., appeals from an order of the same court also entered December 3, 2002, which granted the plaintiff's motion for leave to serve and file a third amended complaint.

Ordered that the order, inter alia, denying the cross motions of the defendants James John Romeo Consulting Engineer, P.C., and Mechanical Marketing, Inc., for summary judgment dismissing the complaint insofar as asserted against them (App Div Docket No. 2003-00834), is modified, on the law, by deleting the provision thereof denying that branch of the cross motion of the defendant James John Romeo Consulting Engineer, P.C., which was to dismiss the cause of action alleging professional malpractice as time-barred and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and that cause of action is dismissed; and it is further,

Ordered that the order denying the cross motions of the defendant AERCO International, Inc., and the defendant Rathe Associates, Inc., for summary judgment (App Div Docket No. 2003-00172) is affirmed, without costs or disbursements; and it is further,

Ordered that the order denying the motion of the defendant Peco, Inc., for summary judgment (App Div Docket No. 2003-00373) is modified, on the law, by deleting the provision thereof denying that branch of the motion which was to dismiss as time-barred the cause of action alleging negligent construction and installation stemming from a 1991 agreement and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements, and that cause of action is dismissed insofar as asserted against Peco, Inc.; and it is further,

Ordered that the order granting the plaintiff's motion for leave to serve and file a second amended complaint (App Div Docket No. 2003-00375) is affirmed, without costs or disbursements; and it is further,

Ordered that the order granting the plaintiff's motion for leave to serve and file a third amended complaint (App Div Docket No. 2003-00379) is modified, on the law, by deleting the provisions thereof granting those branches of the motion which were for leave to assert additional causes of action alleging breach of contract and professional malpractice against the defendant Peco, Inc., and seeking punitive damages in connection therewith, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

In 1991 the plaintiff, Manhattanville College, undertook a

major project to replace its central steam heating plant with a modular, decentralized heating and hot water system (hereinafter the Boiler System) consisting of 42 individual boilers and hot water heaters installed in various buildings throughout its campus. The modular boiler and heater units were manufactured by the defendant AERCO International, Inc. (hereinafter AERCO), and were distributed and sold by the defendants Rathe Associates, Inc. (hereinafter Rathe), and Mechanical Marketing, Inc. (hereinafter Mechanical). The engineer in charge of the decentralization project was the defendant James John Romeo Consulting Engineer, P.C. (hereinafter Romeo), and the construction manager was the defendant Peco, Inc. (hereinafter Peco). After installation of the Boiler System was completed in 1992 or 1993, Peco continued to maintain it, for a monthly service fee, until 1997, at which time maintenance was taken over by the defendant H.E. Palmer Service, Inc. (hereinafter Palmer).

In January 1999 a release of carbon monoxide occurred in one of the plaintiff's dormitory buildings, resulting, inter alia, in an evacuation of the building and the hospitalization of two students for carbon monoxide poisoning. The plaintiff claims that the release occurred following an explosion in one of the boilers, which caused a cap on the breeching to be expelled and carbon monoxide to seep into the building.

The plaintiff commenced this action in January 2000 alleging that the Boiler System had been defectively designed, installed, and maintained and had, unbeknownst to the plaintiff, posed a carbon monoxide hazard to building occupants throughout its campus for many years. The plaintiff sought to recover, inter alia, the cost of modifying the Boiler System to prevent further carbon monoxide releases, as well as costs relating to the medical treatment of the building occupants injured as a result of the January 1999 accident.

All of the defendants except Palmer cross-moved to dismiss the claims as time-barred. The plaintiff opposed the motions, claiming the benefit of the toxic tort discovery rule (see CPLR 214-c), and contending that it timely commenced this action less than three years after discovering the existence of the carbon monoxide contamination problem. The Supreme Court agreed, and the moving defendants appeal.

Contrary to the plaintiff's contention, CPLR 214-c does not apply under the circumstances of this case and, as a result, many of its causes of action are time-barred. The Court of Appeals recently observed that CPLR 214-c (2) "contains an express limitation mandating that the claimed injury be *caused by the latent effects of exposure*' to a toxic substance," and that

"[t]his requirement is consistent with the Legislature's desire to offer recourse where the harm attributable to the toxic substance does not manifest itself until years after the exposure" (*Germantown Cent. School Dist. v Clark, Clark, Millis & Gilson, AIA*, 100 NY2d 202, 206 [2003] [emphasis in original]).

Here, the plaintiff's property damage claim does not fall within the intended scope of CPLR 214-c. The plaintiff does not allege that carbon monoxide caused any delayed or latent physical damage to its property over the course of several months or years. Rather, the plaintiff alleges that carbon monoxide caused "damage" to its property by negatively impacting the habitability and usefulness of its buildings. While there can be no doubt that carbon monoxide poses an *immediate* hazard to a building's occupants so long as it is present inside such building, it is equally clear, as many of the moving defendants contend, that whenever the source of carbon monoxide is temporarily or permanently abated, the gas dissipates and the building once again becomes safe for its occupants. Absent any evidence that exposure to carbon monoxide in this case resulted in any demonstrable, latent physical impact on the plaintiff's property, such as when chemicals insidiously migrate from one property to another over a long period of time, resulting in costly environmental damage that can elude detection for years (*see e.g. Jensen v General Elec. Co.*, 82 NY2d 77 [1993]; *Christy v Harvey*, 262 AD2d 755 [1999]), CPLR 214-c has no application.

In light of the foregoing, the plaintiff's professional malpractice claims against Romeo accrued upon the date of completion of installation of the Boiler System (*see City School Dist. of City of Newburgh v Stubbins & Assoc.*, 85 NY2d 535, 538 [1995]; *Cabrini Med. Ctr. v Desina*, 64 NY2d 1059, 1061 [1985]; *Regatta Condominium Assn. v Village of Mamaroneck*, 303 AD2d 737 [2003]; *Gelwicks v Harold Campbell, Surveyors*, 257 AD2d 601, 602 [1999]), and became time-barred well before this action was commenced (*see* CPLR 214 [6]; *Brothers v Florence*, 95 NY2d 290 [2000]).

Similarly, the plaintiff's negligent installation claims asserted against Peco, whether sounding in contract or in tort, also accrued upon completion of the installation of the Boiler System and are therefore time-barred (*see* CPLR 213 [2]; 214 [4]; *City School Dist. of City of Newburgh v Stubbins & Assoc.*, *supra* at 538; *Cabrini Med. Ctr. v Desina*, *supra* at 1061; *Regatta Condominium Assn. v Village of Mamaroneck*, *supra*). For the same reasons, the Supreme Court should have denied the plaintiff leave to assert a professional malpractice claim against Peco in

the third amended complaint, as such claim (assuming that it once existed) is also time-barred (*see* CPLR 214 [6]; *Brothers v Florence, supra*).

However, the plaintiff's claims against Peco for breach of the maintenance contract are timely with respect to any alleged breaches that occurred not more than six years prior to the commencement of this action (*see* CPLR 213 [2]; *Rosenblatt & Co. v Davidge Data Sys. Corp.*, 295 AD2d 168, 169 [2002]).

The plaintiff's property damage claims against the products liability defendants (AERCO, Mechanical, and Rathe) are governed by the three-year statute of limitations (*see* CPLR 214 [4]), and such claims "accrue[ ] upon the date of injury" (*Brooklyn Union Gas Co. v Hunter Turbo Corp.*, 241 AD2d 505, 506 [1997]). On this record, we find that at least one such injury occurred on January 15, 1999, and the products liability claim arising from that injury is therefore timely. We hasten to add, however, that the type of "property damage" recoverable under negligence and strict liability theories does not include any damage to the Boiler System itself, as such damage can only be recovered pursuant to contract-based theories of liability (*see Bocre Leasing Corp. v General Motors Corp.*, 84 NY2d 685 [1995]; *7 World Trade Co. v Westinghouse Elec. Corp.*, 256 AD2d 263 [1998]).

Finally, we find no error in the Supreme Court's determination to grant the plaintiff leave to amend the second amended complaint for purposes of asserting indemnification and restitution claims against Peco, as such claims are neither time-barred nor palpably without merit (*see McDermott v City of New York*, 50 NY2d 211, 216 [1980]; *Matter of Allen*, 278 AD2d 412 [2000]; *City of New York v Lead Indus. Assn.*, 222 AD2d 119, 126 [1996]). Altman, J.P., Krausman, H. Miller and Cozier, JJ., concur.