■ ANDREW LISTON et al., Appellants, v TOWN OF NEWBURGH, Respondent. [934 NYS2d 712]—

General Municipal Law § 50-i (1) states, in part, that "[n]o action . . . shall be prosecuted . . . against a . . . town . . . for . . . damage to real or personal property alleged to have been sustained by reason of the negligence . . . of such . . . town . . . unless . . . the action . . . shall be commenced within one year and ninety days after the happening of the event upon which the claim is based." Here, the plaintiffs alleged, inter alia, that the Town of Newburgh's negligent installation of a storm drainage system in May 2007 caused or exacerbated flooding to their property on March 5, 2008. Significantly, however, the plaintiffs make no allegation of negligent maintenance.

Under these circumstances, "the happening of the event upon which the claim [was] based" (General Municipal Law § 50-i [1]) was the May 2007 storm drainage installation (*see Klein v City of Yonkers*, 53 NY2d 1011, 1014 [1981]; *Johnson v Marianetti*, 202 AD2d 970, 970-971 [1994]; *Scarzfava v City of Newburgh*, 255 AD2d 436 [1998]; *Pleasant Ridge Townhouses Homeowners' Assn. v T & D Constr. Corp.*, 181 AD2d 871, 872 [1992]; *Nebbia v County of Monroe*, 92 AD2d 724 [1983]). Accordingly, as measured from the date of this "occurrence," the plaintiffs' commencement of their action in May 2009 was untimely (*see Regatta Condominium Assn. v Village of Mamaroneck*, 303 AD2d 737, 738 [2003]).

The plaintiffs' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the Town's motion to dismiss the complaint as time-barred. Rivera, J.P., Balkin, Eng and Austin, JJ., concur.