General Municipal Law § 50-i requires that an action against a municipality to recover damages for personal injury or injury to property be commenced within one year and 90 days after “the happening of the event upon which the claim is based.” Here, the plaintiff alleged, inter alia, that the construction and installation of a drainage system, completed pursuant to a work permit issued by the Dutchess County Department of Public Works, caused water and pollutants to be diverted onto his property. The plaintiff made no allegation of negligent maintenance, as he did not allege that the defendants owned or maintained the drainage system.
Under the circumstances of this case, “the happening of the event upon which the claim [was] based” (General Municipal Law § 50-i [1]) was the approval of the work permit and completion of the project, which occurred in 1994 (see Klein v City of Yonkers, 53 NY2d 1011, 1013 [1981]; Liston v Town of New-burgh, 90 AD3d 861 [2011]; Scarzfava v City of Newburgh, 255 AD2d 436 [1998]; Johnson v Marianetti, 202 AD2d 970 [1994]; Pleasant Ridge Townhouses Homeowners’ Assn, v T & D Constr. Corp., 181 AD2d 871 [1992]; Nebbia v County of Monroe, 92 AD2d 724 [1983]). Therefore, as measured from the date of this “occurrence,” the plaintiffs commencement of this action in June 2010 was untimely (Liston v Town of Newburgh, 90 AD3d at 862; see Regatta Condominium Assn, v Village of Mamaroneck, 303 AD2d 737, 738 [2003]).
The plaintiffs remaining contentions are without merit.
Accordingly, the Supreme Court properly granted that branch *669 of the defendants’ motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred. Angiolillo, J.P., Balkin, Lott and Roman, JJ., concur.