# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**578.2**

**CA 14-01480**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

STEPHEN CLENDENIN AND CAROL CLENDENIN,
PLAINTIFFS-APPELLANTS,

                    V                                    MEMORANDUM AND ORDER

TOWN OF MILO, COLBY PETERSEN, GARY BOARDMAN,
YATES COUNTY SOIL AND WATER CONSERVATION
DISTRICT, DEFENDANTS-RESPONDENTS,
ET AL., DEFENDANTS.

---

ADORANTE, TURNER & ASSOC., CAMILLUS (ANTHONY P. ADORANTE OF COUNSEL),
FOR PLAINTIFFS-APPELLANTS.

LACY KATZEN LLP, ROCHESTER (JOHN M. WELLS OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS COLBY PETERSEN AND YATES COUNTY SOIL AND WATER
CONSERVATION DISTRICT.

LIPPMAN O'CONNOR, BUFFALO (THOMAS D. SEAMAN OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS TOWN OF MILO AND GARY BOARDMAN.

-----------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Yates County (Dennis
F. Bender, A.J.), entered November 8, 2013.  The order granted the
motions of defendants Town of Milo, Colby Petersen, Gary Boardman and
Yates County Soil and Water Conservation District for summary
judgment.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Plaintiffs commenced this action seeking damages
arising from an allegedly defective septic system on residential
property they purchased from defendants Raymond and Rose Mangan in
June 2009.  The complaint alleges that the Mangans engaged in fraud by
failing to disclose to plaintiffs the defective septic system, and
that defendant Yates County Soil and Water Conservation District
(District), through its employee, defendant Colby Petersen,
negligently inspected the septic system on May 4, 2009.  Petersen
found that the septic system "passed" his inspection and therefore
issued the Mangans a "certificate of inspection."  Although plaintiffs
were informed prior to closing by their property inspector, a
professional engineer, that there was a problem with the septic
system, plaintiffs allege that they relied on the District's
"certificate of inspection" and therefore purchased the property
despite their own inspector's concerns.  The complaint, as amplified

by the bill of particulars, further alleges that defendant Town of Milo (Town) was negligent in issuing a certificate of occupancy for the property when it was built in 1998, inasmuch as the septic system was defective when it was initially installed. Plaintiffs seek $21,065 in damages, which is the amount they expended to have a new septic system installed on the property.

We conclude that Supreme Court properly granted the motions of the District and the Town seeking summary judgment dismissing the complaint as against them and their employees. As the court concluded, the statute of limitations with respect to the negligence causes of action had expired by the time plaintiffs commenced this action and, contrary to plaintiffs' contention, CPLR 214-c does not apply. CPLR 214-c (1) provides that "the three-year period within which an action to recover *damages for personal injury or injury to property* caused by the latent effects of exposure to any substance or combination of substances, in any form, upon or within the body or upon or within property must be commenced shall be computed from the date of discovery of the injury by the plaintiff or from the date when through the exercise of reasonable diligence such injury should have been discovered by the plaintiff, whichever is earlier" [emphasis added]).

Here, plaintiffs do not seek "damages for personal injury or injury to property" (CPLR 214-c [1]); rather, they seek to be compensated for the cost of replacing an allegedly defective septic system. Thus, section 214-c is inapplicable to this action (*see generally Germantown Cent. Sch. Dist. v Clark, Clark, Millis & Gilson*, 100 NY2d 202, 206; *Manhattanville Coll. v James John Romeo Consulting Engr., P.C.*, 5 AD3d 637, 640-641). Moreover, the Court of Appeals, in interpreting section 214-c, has made clear that it applies only to toxic torts (*see Blanco v American Tel. & Tel. Co.*, 90 NY2d 757, 767), and plaintiffs' claims have nothing do to with toxic substances. Instead, plaintiffs merely allege that the septic system was defective and that defendants failed to identify the defects during their inspections. We thus conclude that the court properly determined that the causes of action against the moving defendants are time-barred.

We have reviewed plaintiffs' remaining contentions and conclude that they lack merit.

Entered:  June 12, 2015                    Frances E. Cafarell
                                           Clerk of the Court