(November 3, 2016)

■ ALL CRAFT FABRICATORS, INC., et al., Respondents, v SYSKA HENNESSY GROUP, INC., Appellant. [39 NYS3d 783]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered November 24, 2015, which denied defendant's motion to dismiss the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Plaintiffs allege that they were harmed by defendant's failure to advise them that there was asbestos in wood panels and doors delivered to their facility for refurbishment. Defendant moved to dismiss based on, among other things, the three-year statute of limitations applicable to plaintiffs' claim, whether grounded in professional negligence (malpractice) or ordinary negligence (CPLR 214 [4], [6]).

Because the parties have no contractual relationship with

each other, the claim must be viewed in terms of simple negligence (*Board of Mgrs. of Yardarm Beach Condominium v Vector Yardarm Corp.*, 109 AD2d 684, 685 [1st Dept 1985], *appeal dismissed* 65 NY2d 998 [1985]), with accrual occurring within three years of the date of injury (*Town of Oyster Bay v Lizza Indus., Inc.*, 22 NY3d 1024, 1031 [2013]), rather than a claim for professional negligence, which generally accrues upon the completion of the work at issue (*Germantown Cent. School Dist. v Clark, Clark, Millis & Gilson*, 100 NY2d 202 [2003]). We reject defendant's position that the date of injury was in January 2012 when the asbestos-laden doors and panels were delivered to the facility. Until plaintiffs' personnel actually unsealed the wooden crates that the doors and panels were encased in and cut into the material, any contamination of plaintiffs' facility had not yet occurred.

Nevertheless, plaintiffs' contention that the date of injury was, at the earliest, May 29, 2012, exactly three years before they commenced the action, when they first noticed what they believed to be asbestos, is unavailing. "[T]he damage that [plaintiffs] are seeking to 'undo' is not the fact that they discovered asbestos, but the fact of its incorporation in their buildings" (*MRI Broadway Rental v United States Min. Prods. Co.*, 92 NY2d 421, 428 [1998]). The record makes clear that, while plaintiffs may have first noticed asbestos on May 29, they exposed the facility to it earlier that month.

CPLR 214-c does not avail plaintiffs. As they claim no additional damage to their facility since the asbestos was introduced, it cannot be said that the injury they sustained resulted from the latent effects of exposure to asbestos (*Germantown*, 100 NY2d at 206-207). Concur—Mazzarelli, J.P., Friedman, Andrias, Webber and Gesmer, JJ.