Methal v Village of Ardsley (2023 NY Slip Op 03775)

Methal v Village of Ardsley

2023 NY Slip Op 03775

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2020-04100
 (Index No. 66187/17)

[*1]Rachael Methal, et al., respondents,
v
Village of Ardsley, appellant-respondent, John J. Annunziata, P.E., P.C., et al., respondents- appellants (and a third-party action).

Kaufman Dolowich Voluck, Woodbury, NY (Matthew Minero and Roland A. Vitanza of counsel), for appellant-respondent.
Yankwitt LLP, White Plains, NY (Benjamin Allee of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for injury to property, the defendant Village of Ardsley appeals, and the defendants John J. Annunziata, P.E., P.C., and Flavio La Rocca & Sons, Inc., separately cross-appeal, from an order of the Supreme Court, Westchester County (Mary H. Smith, J.), dated April 29, 2020. The order, insofar as appealed from, denied those branches of the motion of the defendant Village of Ardsley which were for summary judgment dismissing, insofar as asserted against it, the third cause of action and the complaint and the cross-claim asserted by the defendant John J. Annunziata P.E., P.C., to the extent that the complaint and that cross-claim sought damages, contribution, or indemnification for alleged injuries to the plaintiffs' property which occurred prior to April 7, 2017.
ORDERED that the cross-appeals are dismissed as abandoned; and it is further,
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant Village of Ardsley which was for summary judgment dismissing the third cause of action insofar as asserted against it, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant Village of Ardsley.
The plaintiffs commenced this action against, among others, the Village of Ardsley, related to property damage allegedly caused by a broken and leaking storm drain system running underneath their property. The plaintiffs alleged that, following the construction of a retaining wall, excess water from the broken storm drain system caused flooding, sinkholes, and other damage to their property. Against the Village, the complaint alleged causes of action sounding in trespass and negligent maintenance and design of the storm drain system.
The Village moved for summary judgment dismissing (1) the third cause of action, which alleged negligent design of the storm drain system, and (2) the complaint and all cross-claims [*2]insofar as asserted against it to the extent that they sought damages, contribution, or indemnification in connection with property damage that occurred prior to April 7, 2017. The Supreme Court granted the Village's motion only to the extent of awarding summary judgment dismissing certain cross-claims, and otherwise denied the Village's motion. The Village appeals.
General Municipal Law § 50-i provides that tort actions against municipalities "shall be commenced within one year and ninety days after the happening of the event upon which the claim is based." Here, the plaintiffs alleged in the third cause of action that the Village's negligent design of the storm drain system caused or contributed to the alleged property damage. Under these circumstances, "the happening of the event upon which the claim [was] based" (id.) was the design and installation of the storm drain system, which occurred many years prior to the commencement of this action (see Klein v City of Yonkers, 53 NY2d 1011, 1013; Demasi v Dutchess County Dept. of Pub. Works, 101 AD3d 668, 668; Liston v Town of Newburgh, 90 AD3d 861, 862). Accordingly, the Supreme Court should have granted that branch of the Village's motion which was for summary judgment dismissing the third cause of action, which alleged negligent design, as untimely (see Klein v City of Yonkers, 53 NY2d at 1013).
However, the Supreme Court properly denied that branch of the Village's motion which was for summary judgment dismissing, as untimely, so much of the complaint as sought to recover certain damages alleged in the trespass and negligent maintenance causes of action. The Village failed to establish, prima facie, that any of the alleged damage was apparent prior to July 6, 2016, which was one year and 90 days prior to the filing of the complaint (see General Municipal Law § 50-i[1][c]; Payano v Patel, 130 AD3d 896, 897; cf. Klostermeier v City of Port Jervis, 200 AD3d 866, 868; Lucchesi v Perfetto, 72 AD3d 909, 911-912).
Contrary to the Village's contention, a notice of claim, served on August 16, 2016, sufficiently complied with the statutory requirements (see CPLR 9801[1]; General Municipal Law § 50-e[2]). The notice described the claim with sufficient particularity to permit the Village to conduct a meaningful investigation of the claim (see Brown v City of New York, 95 NY2d 389, 393; Vallejo-Bayas v New York City Tr. Auth., 103 AD3d 881, 882). The minor deficiencies in the notice were cured by the testimony provided at the General Municipal Law § 50-h hearing (see Fontaine v City of Amsterdam, 172 AD3d 1602, 1603; Vallejo-Bayas v New York City Tr. Auth., 103 AD3d at 883), and, in any event, could properly be disregarded due to the lack of prejudice to the Village (see General Municipal Law § 50-e[6]).
Since the notice of claim served on August 16, 2016, was sufficient to provide the requisite notice to the Village, the Supreme Court properly denied that branch of the Village's motion which was for summary judgment dismissing any claims for property damage which occurred prior to April 7, 2017, which was 90 days prior to service of the second notice of claim (see id. § 50-e[1][a]).
The Village's remaining contentions either are without merit or need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., MALTESE, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court