*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 10a0060p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT
_____

WILLIAM HARRIS ASHER, et al.,
                      *Plaintiffs,*

LORA BUSH; STEPHEN BUSH; JAMES HELTON;
CHRYSTAL KAE HILL; JAMEY HILL; DORA
KELEY; STEPHEN KING; ANNA RACHELLE
MCCLURE; GARY PATTERSON; DANNY
PITTMAN; BILLY RHODES; CLIFFORD ROBERT
SAGE; KIMBERLY DAWN DEERFIELD SAGE;
GLENNA GAIL SHUPE; SEAN LEE SHUPE;
CECIL DAVID SPURLOCK; ELAINE M.
SPURLOCK; BENNIE SWIFT; SARAH BETH
SWIFT; KATHY TRENT; and RICKY TRENT,
                      *Plaintiffs-Appellants,*

      *v.*

UNARCO MATERIAL HANDLING, INC., a
Tennessee Corporation,
    *Intervening Plaintiff/Defendant-Appellee,*

ATLAS MATERIAL HANDLING, INC., a
California Corporation,
    *Defendant/Third Party Plaintiff-Appellee.*

No. 09-5158

Appeal from the United States District Court
for the Eastern District of Kentucky at London.
No. 06-00548—Amul R. Thapar, District Judge.

Argued: January 15, 2010

Decided and Filed: March 3, 2010

Before: KENNEDY, COLE, and GRIFFIN, Circuit Judges.
_____

**COUNSEL**

**ARGUED:** Elizabeth K. Russo, RUSSO APPELLATE FIRM, P.A., Miami, Florida, for
Appellants. Todd S. Page, STOLL KEENON OGDEN PLLC, Lexington, Kentucky,
Douglas W. Langdon, FROST BROWN TODD LLC, Louisville, Kentucky, for Appellees.

1

**ON BRIEF:** Elizabeth K. Russo, RUSSO APPELLATE FIRM, P.A., Miami, Florida, for Appellants.  Todd S. Page, STOLL KEENON OGDEN PLLC, Lexington, Kentucky, Douglas W. Langdon, Charles S. Cassis, Susan Simpson Wettle, FROST BROWN TODD LLC, Louisville, Kentucky, for Appellees.

———————————

**OPINION**

———————————

GRIFFIN, Circuit Judge.  In this diversity suit, plaintiffs, who are past and present Wal-Mart employees and their spouses, allege injuries caused by exposure to carbon monoxide gas in the enclosed freezer section of a Wal-Mart Distribution Center during a two-week period in November and December 2005.  One group of plaintiffs – the original plaintiffs – filed suit within one year of the date of last exposure to the gas, while the other group of plaintiffs – the new plaintiffs – did not.  In this appeal, the new plaintiffs challenge the district court's dismissal of their claims as time-barred under the one-year statute of limitations period in Kentucky Revised Statutes Annotated § 413.140.  They argue that the district court erred in holding that (1) their claims did not relate back to the filing date of the original plaintiffs' claims under Rule 15(c) of the Federal Rules of Civil Procedure, and (2) the discovery rule did not toll the limitations period.  We disagree and affirm.

I.

In its appealed order granting summary judgment to defendants Unarco Material Handling, Inc. ("Unarco"), and Atlas Material Handling, Inc. ("Atlas"), the district court accurately set forth the relevant facts:

> This action arises out of an alleged discharge of carbon monoxide gas in the enclosed freezer section of the Wal-Mart Distribution Center (the "Distribution Center") in London, Kentucky, between November 29 and December 12, 2005.  The Plaintiffs contend that the work performed in the evenings by Atlas and Unarco caused the discharge, resulting in the Plaintiffs' injuries.  More specifically, the Plaintiffs assert that Atlas and Unarco acted negligently in operating propane-powered welders inside the Distribution Center, resulting in their exposure to carbon monoxide gas. The Plaintiffs are all either past or present employees of the Distribution Center and their spouses.
>
> The Plaintiffs initially filed their Complaint on November 21, 2006, in the Laurel Circuit Court alleging claims for negligence and loss of consortium.

The Defendants then removed the action to this Court [based upon diversity of citizenship jurisdiction].  Thereafter, on March 22, 2007, the Plaintiffs filed a motion for leave to file an Amended Complaint to add thirty-three plaintiffs[1] to the action.  The Court granted the motion on July 17, 2007.

_____

[1]The Plaintiffs who asserted claims for the first time in the Amended Complaint are:  Stephen King, Anna McClure, George Hibbard, Ricky Trent, Kathy Trent, Jeff Wagers, Angela Wagers, Timothy Burns, Theresa Burns, Bobby Allen, Tracy Allen, Justin Gomez, James Helton, Jamey Hill, Chrystal Hill, Clifford Sage, Kimberly Sage, Billy Rhodes, Jamie Rhodes, Danny Pittman, Gary Patterson, Barry Lockard, Mildred Lockard, Bennie Swift, Sarah Swift, Cecil Spurlock, Elaine Spurlock, Sean Shupe, Glenna Shupe, Stephen Bush, Lora Bush, Dora Keley, and Humberto Alvarado.

_____

Subsequently, in November 2007 and January 2008, eleven of the newly-added Plaintiffs filed notices and/or stipulations of voluntary dismissal of their claims.  Additionally, the Court granted Atlas' and Unarco's motion for summary judgment as to Plaintiff Jamie Rhodes' claim for loss of consortium on May 16, 2008.  As a result, only twenty-one Plaintiffs who first asserted their claims in the Amended Complaint currently remain in this action. They are: Stephen King, Anna McClure, Ricky Trent, Kathy Trent, James Helton, Jamey Hill, Chrystal Hill, Clifford Sage, Kimberly Sage, Billy Rhodes, Danny Pittman, Gary Patterson, Bennie Swift, Sarah Swift, David Spurlock, Elaine Spurlock, Sean Shupe, Glenna Shupe, Stephen Bush, Lora Bush, and Dora Keley (collectively, the "new Plaintiffs").

In their motions for summary judgment against the new Plaintiffs, Atlas and Unarco contend that any claims asserted for the first time in the Amended Complaint are barred by Kentucky's one year statute of limitations, KRS § 413.140.  According to Atlas and Unarco, the new Plaintiffs learned of their injuries and had reason to know that any injuries could have been caused by the exposure to carbon monoxide gas in December 2005. Therefore, Atlas and Unarco contend that the statute of limitations expired on their claims in December 2006, and the claims asserted for the first time in the Amended Complaint in March 2007 are time-barred.

In response, the new Plaintiffs assert that the Amended Complaint should relate back to the original Complaint under Federal Rule of Civil Procedure 15.  Further, the new Plaintiffs contend that, even if the Amended Complaint does not relate back, the time for filing any claims against Atlas and Unarco is governed by Kentucky's discovery rule because the new Plaintiffs did not discover the permanent nature and cause of their injuries until 2007.

In granting summary judgment to Unarco and Atlas, the district court held that the new plaintiffs' claims were barred by the one-year statute of limitations period in Kentucky Revised Statutes Annotated § 413.140. In so ruling, the district court rejected the new plaintiffs' contentions that (1) their claims related back to the filing date of the original complaint under Rule 15(c) of the Federal Rules of Civil Procedure, and (2) the discovery rule tolled the one-year limitations period. In addition, the district court held that the consortium claims asserted by the new plaintiffs' spouses were likewise untimely because they were derivative of the underlying bodily injury claims.

Unarco and Atlas reached settlements with the original plaintiffs, and the district court dismissed the original plaintiffs' claims with prejudice pursuant to the parties' January 2009 stipulations of dismissal. The new plaintiffs requested reconsideration of the district court's previous grant of summary judgment against them, relying upon a more fully developed record, including testimony given at trial, and the transfer of the case to a different district judge. The district court denied the motion for reconsideration.

The new plaintiffs timely appeal the district court's amended final judgment in favor of Unarco and Atlas under Rule 54(b) of the Federal Rules of Civil Procedure.

II.

The issue presented in this appeal is whether the new plaintiffs' claims are barred by Kentucky's one-year statute of limitations period for personal injury actions. KY. REV. STAT. ANN. § 413.140(1)(a). The new plaintiffs acknowledge that their motion seeking leave to amend the original complaint to add their claims to the lawsuit and the district court's grant of their motion occurred more than one year after the onset of their injuries from carbon monoxide exposure. However, the new plaintiffs attempt to overcome the statute of limitations hurdle in two ways: by application of (1) the relation-back provisions of Rule 15(c) of the Federal Rules of Civil Procedure and (2) Kentucky's discovery rule. We give de novo review to the district court's grant of summary judgment. *Longaberger Co. v. Kolt*, 586 F.3d 459, 465 (6th Cir. 2009).

A.

The new plaintiffs contend that the district court erred in holding that their claims did not relate back to the original plaintiffs' timely-filed claims under Rule 15(c) of the Federal Rules of Civil Procedure.  Rule 15(c) provides, in relevant part:

**(c)**     **Relation Back of Amendments.**

> **(1)**     **When an Amendment Relates Back.**  An amendment to a pleading relates back to the date of the original pleading when:
>
> > **(A)**     the law that provides the applicable statute of limitations allows relation back;
> >
> > **(B)**     the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
> >
> > **(C)**     the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> >
> > > **(i)**     received such notice of the action that it will not be prejudiced in defending on the merits; and
> > >
> > > **(ii)**     knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

The parties agree that the question of whether Rule 15(c) permits relation back of an amendment adding otherwise untimely plaintiffs and their claims to a timely-filed complaint is an issue of first impression for our circuit.  Nevertheless, in urging Rule 15(c)'s applicability to their claims, the new plaintiffs concede significant ground.  They acknowledge "that this Court has on several occasions made blanket statements to the effect that amendments which add a party to the original suit cannot relate back for limitation purposes."  Undeterred, the new plaintiffs seek to limit that rule to a plaintiff's attempt to add a *defendant* to the action after the statute of limitations has expired, noting that this court's prior decisions have addressed only that scenario.  The new plaintiffs contend that "the

considerations are very different when plaintiffs seek to add additional *plaintiffs* to an existing suit when all of the plaintiffs' claims arise out of the same occurrence of which the defendant is already well aware due to the pending lawsuit against it." (Emphasis added.) In that situation, the new plaintiffs maintain, the defendant is not prejudiced by the addition of plaintiffs to the pending action because the lawsuit provided notice that additional plaintiffs might sue, and the defendant is already defending itself from their claims. Applied to the present case, the new plaintiffs emphasize that all plaintiffs were injured by carbon monoxide in "one, unique incident that affected a single group of workers in a single area, the initial Complaint provided notice to the Defendants of the claims arising from the incident such that they prepared to defend and began defending the action from that time[,]" and "[t]he addition of workers from the group similarly affected by the Defendants' conduct did not alter the defense of that conduct that the Defendants were already preparing to mount."

The new plaintiffs' position is untenable. "[T]he precedent of this circuit clearly holds that 'an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations.'" *In re Kent Holland Die Casting & Plating, Inc.,* 928 F.2d 1448, 1449 (6th Cir. 1991) (quoting *Marlowe v. Fisher Body*, 489 F.2d 1057, 1064 (6th Cir. 1973)); *see also United States ex rel. Statham Instruments, Inc. v. Western Cas. & Surety Co.*, 359 F.2d 521, 523 (6th Cir. 1966) (stating that, when "[t]he effect of Plaintiff's amendment is to add another party[,]" it "establishes a new and independent cause of action which cannot be maintained when the statute has run, for the amendment is one of substance rather than one of form and brings into being one not presently in court."); *Smart v. Ellis Trucking Co., Inc.*, 580 F.2d 215, 218 (6th Cir. 1978).

Although the new plaintiffs are correct that our prior decisions applying this rule involved plaintiffs' attempts to add defendants after the statute of limitations expired, they offer no authority or persuasive justification for treating plaintiffs differently from defendants and allowing untimely plaintiffs to ride piggyback on the claims of timely plaintiffs. Indeed, the plain language of Rule 15(c) does not authorize the exception advanced by the new plaintiffs.

Rule 15(c)(1)(B) allows relation back of an amendment asserting a "claim or defense," but it does not authorize the relation back of an amendment adding a new *party*. Similarly, Rule 15(c)(1)(C) permitting relation back of an amendment changing a party or its name applies, by its plain language, to changes to *defendants*. *See* Rule 15(c)(1)(C) (authorizing relation back of an amendment that "changes the party or the naming of the party *against whom a claim is asserted*[.]") (emphasis added). Although various courts have extended the relation-back provisions of Rule 15(c)(1)(C) to amendments changing identities of plaintiffs, *see, e.g.*, *Young ex rel. Nutramax Litig. Trust v. Lepone*, 305 F.3d 1, 14 (1st Cir. 2002); *SMS Fin., LLC v. ABCO Homes, Inc.*, 167 F.3d 235, 244-45 (5th Cir. 1999); *Nelson v. County of Allegheny*, 60 F.3d 1010, 1014 (3d Cir. 1995), the type of "changes" permitted are limited to corrections of misnomers or misdescriptions. *See In re Kent Holland Die Casting & Plating, Inc.,* 928 F.2d at 1450; *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (holding that substitution of a "John Doe" defendant with a named party is not a misnomer but a "change in parties" that does not relate back); *Young*, 305 F.3d at 15 (stating that relation back applies when the original plaintiffs and the new plaintiffs have a "sufficient identity of interest" or "a fairly advanced degree of privity"); *Leachman v. Beech Aircraft Corp.*, 694 F.2d 1301, 1309 (D.C. Cir. 1982) ("The point of the courts' consideration of identity of interest is that that factor ensures that the old and new plaintiffs are sufficiently related so that the new plaintiff was in effect 'involved in [the proceedings] unofficially from an early stage.'") (quoting 3 J. Moore, Moore's Fed. Practice ¶ 15.15 [4.-1], at 15-220 (1982)); Advisory Comm. Notes to 1966 Amends. to FED. R. CIV. P. 15(c) (clarifying that the purpose behind Rule 15(c)(1)(C)'s authorization to make corrections to defendants or their names was to protect the rights of a private party who timely sued an officer or agency of the United States but "mistakenly named as defendant the United States, the Department of HEW, the 'Federal Security Administration' (a nonexistent agency), and a Secretary who had retired from the office nineteen days before."); *id.* (referencing Federal Rule of Civil Procedure 17(a), which "provide[s] that no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed for correction of the defect in the manner there stated.").

In urging relation back of their claims, the new plaintiffs did not seek to correct a misnomer or misdescription of a proper party plaintiff already in court, nor did they attempt

"to change the capacity in which [they] sue[d]; or to substitute or add as plaintiff[s] the real party interest; or to add additional plaintiffs where the action, as originally brought, was a class action."  *Hill v. Shelander*, 924 F.2d 1370, 1376 (7th Cir. 1991) (describing circumstances under which "[a] plaintiff may usually amend his complaint under Rule 15(c)") (citations and internal quotation marks omitted).  Instead, they attempted to circumvent the statute of limitations, adding new parties and new claims.

Both the Third and District of Columbia Circuits have rejected plaintiffs' attempts to invoke Rule 15(c)'s relation-back provisions under these circumstances.  *See Nelson*, 60 F.3d at 1011, 1015 (holding that Rule 15(c) does not "permit relation back of an amendment to a pleading that names new plaintiffs after expiration of the statute of limitations when those new plaintiffs are neither substituted nor have shown mistake concerning identity[,]" even though both groups of plaintiffs "allege[d] injury by the same conduct described in the original pleading, [and] the evidence relevant to a defense against these new claims would be the same as the evidence relevant to a defense against the original claims."); *Leachman*, 694 F.2d at 1308 (holding that "a corporation wholly owned by an existing plaintiff can[not] be added to an action under rule 15 after the statute of limitations has run when the corporation seeks to allege a claim for damages that, although it arises out of the same occurrence as the original claims, was not asserted by the original plaintiff in the original complaint.").  In *Leachman*, the District of Columbia Circuit aptly explained:

> We find persuasive the . . . need to limit relation back of claims asserted by new plaintiffs in some way beyond the "conduct, transaction, or occurrence" test that applies to relation back of amendments generally.  Without some limit, total strangers with claims arising out of a multi-victim incident might join pending actions long after the statute of limitations had lapsed.  That would allow the tardy plaintiffs to benefit from the diligence of the other victims and, more importantly, could cause defendants' liability to increase geometrically and their defensive strategy to become far more complex long after the statute of limitations had run.  Even if, as here, there were no showing of specific prejudice in the sense of lost or destroyed evidence, defendants would still be deprived of their interest in repose.  At some point, defendants should have notice of who their adversaries are.

*Id*. at 1309; *see also  Rockwell Int'l Corp. Graphic Sys. Div. v. Feder Litho-Graphic Servs., Inc.*, 845 F.2d 327 (6th Cir. 1988) (per curiam) (unpublished table decision) (relying upon *Leachman* in holding that a shareholder's claims were barred by the applicable statutes of

limitations because the shareholder was not added as a claimant to his corporation's counterclaim until after the statutes ran, and his addition did not relate back to the filing date of his corporation's counterclaim); C.T. Dreschler, 8 A.L.R.2d 6 § 14 (1949) ("Where the additional party plaintiff joining in a suit brought before the statute of limitations has run against the original plaintiff seeks to enforce an independent right, the amended pleading does not relate back[.]") (footnote omitted).

In arguing that Unarco and Atlas had notice of their claims because they were aware of the original plaintiffs' timely claims, the new plaintiffs' view of notice is myopic. *See Young*, 305 F.3d at 15-16 ("[W]e repudiate the conceit that an action filed by one plaintiff gives a defendant notice of the impending joinder of any or all similarly situated plaintiffs. Such a rule would undermine applicable statutes of limitations and make a mockery of the promise of repose."). Similarly unavailing is the new plaintiffs' contention that Unarco and Atlas would not be prejudiced by their addition to the lawsuit, inasmuch as Unarco and Atlas were already defending against the original plaintiffs' claims. *See id*. at 17 ("[W]hile [the] original complaint may have given [defendant] reason to fear that other shareholders might pursue similar claims, such minimal notice hardly suffices to avert undue prejudice to [defendant] within the meaning of Rule 15(c)(3) should we permit relation back.").

If the drafters of Rule 15(c) had intended to permit relation back on these facts, the rule would have so stated. Similarly, had the Kentucky legislature wanted the claims of untimely plaintiffs to escape the time bar in Kentucky Revised Statutes Annotated § 413.140(1)(a), it would have spoken. *See* FED. R. CIV. P. 15(c)(1)(A) (permitting relation back of an amendment when "the law that provides the applicable statute of limitations allows relation back."). The new plaintiffs cite no authority permitting relation back under these circumstances. We decline to legislatively craft a new rule of civil procedure.

B.

Alternatively, the new plaintiffs attempt to avoid the statute of limitations by arguing that the district court erred in holding that Kentucky's "discovery rule" did not apply to toll the statute of limitations.

While the new plaintiffs devote the bulk of their brief to addressing when their cause of action accrued under the discovery rule, they largely ignore the threshold question of whether the discovery rule even applies on these facts.  In this regard, Kentucky law is clear that the new plaintiffs may invoke the discovery rule only if their injuries were latent. *Louisville Trust Co. v. Johns-Manville Prods. Corp.*, 580 S.W.2d 497, 499 (Ky. 1979); *Vandertoll v. Commonwealth*, 110 S.W.3d 789, 796 (Ky. 2003).  Despite the district court's statement that it "does not believe that [the new plaintiffs'] injuries can be considered latent[,]" the new plaintiffs neither argue to the contrary in their initial brief nor cite any authority that their alleged injuries from carbon monoxide were latent.  Instead, the new plaintiffs rely upon a single unpublished per curiam decision from this court.  *See Douthitt v. E.I. DuPont de Nemours & Co.*, No. 98-5900, 1999 WL 357795, at *1 (6th Cir. 1999) (per curiam) (unpublished).  *Douthitt*, however, is not precedentially binding[1] and provides no guidance because there was no dispute that the discovery rule applied to a painter's delayed onset of occupational asthma caused by his eighteen-year exposure to isocyanates in the paint.  *Id*.  Accordingly, we deem the new plaintiffs' appeal of the district court's alternative holding that the discovery rule was inapplicable forfeited.  *See United States v. Johnson*, 440 F.3d 832, 845-46 (6th Cir. 2006) ("[A]n appellant abandons all issues not raised and argued in its initial brief on appeal[,]" and "it is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") (internal quotation marks and citations omitted).

Assuming arguendo that the issue was properly before us, the new plaintiffs' half-hearted argument in their reply brief that their injuries from carbon monoxide exposure were latent rests upon slim support.  The injury in *Louisville Trust Co.*, where the Supreme Court of Kentucky extended its discovery rule to latent injuries, was malignant mesothelioma, a rare type of lung cancer caused by breathing asbestos dust and fibers that "develops only after long exposure."  580 S.W.2d at 499 (citation and

---

[1]*Thompson v. N. Am. Stainless, LP*, 567 F.3d 804, 809 n.2 (6th Cir. 2009) (en banc); *United States v. Sanford*, 476 F.3d 391, 396 (6th Cir. 2007).

internal quotation marks omitted).  The plaintiff in *Louisville Trust Co.* did not become ill until fourteen years after he was first exposed to asbestos.  *Id.* at 498.

*Louisville Trust Co.* relied upon the United States Supreme Court's decision in *Urie v. Thompson*, 337 U.S. 163 (1949), which "involved a locomotive fireman who contracted silicosis from inhalation of silica dust over a thirty-year period."  580 S.W.2d at 499.  According to the *Louisville Trust Co.* court, "[t]he thrust of *Urie* is that *when an injury does not manifest itself immediately* the cause of action should accrue not when the injury was initially inflicted, but when the plaintiff knew or should have known that he had been injured by the conduct of the tortfeasor."  *Id.* at 500 (emphasis added).  In other words, "[c]ourts have felt that the injured party should be allowed to have his day in court *when his injury was of an inherently unknowable nature*."  *Id.* at 501 (citation and internal quotation marks omitted) (emphasis added).

Unlike the plaintiffs in *Louisville Trust Co.* and *Urie*, the new plaintiffs concede that their injuries from carbon monoxide exposure, like those of the timely plaintiffs, manifested immediately.  Moreover, those symptoms did not dissipate but grew worse with time.  Although the new plaintiffs complain that they did not know until some unspecified date after the onset of their symptoms that their injuries were permanent, Kentucky law is clear that, absent a latent injury, the statute of limitations begins to run on the date the injury is inflicted even where the injury is slight initially and its full extent is not known until years later.  *See Caudill v. Arnett*, 481 S.W.2d 668, 669 (Ky. 1972) (holding that the statute of limitations began running when the plaintiff sustained "minor" injuries while riding a school bus that overturned, not when he was diagnosed more than six years later with chronic pancreatitis caused by the accident).  The new plaintiffs' argument that they erroneously attributed their symptoms to influenza is also unavailing because their injuries "manifest[ed] . . . immediately," *see Louisville Trust Co.*, 580 S.W.2d at 500, and were not "inherently unknowable," *id.* at 501, and the new plaintiffs cite no authority that a mistaken belief about the cause of a non-latent injury triggers the discovery rule under Kentucky law.  *Cf. Manhattanville College v. James John Romeo Consulting Eng'r*, *P.C.*, 774 N.Y.S.2d 542, 546 (N.Y. App. Div. 2004)

(holding that property damage caused by carbon monoxide was not latent and thus did not trigger the toxic tort discovery rule under New York law because "[w]hile there can be no doubt that carbon monoxide poses an *immediate* hazard to a building's occupants so long as it is present inside such building, it is equally clear . . . that whenever the source of carbon monoxide is temporarily or permanently abated, the gas dissipates and the building once again becomes safe for its occupants.").

Kentucky's courts have cautioned against judicial efforts to expand the discovery rule without legislative authorization. *See*, *e.g.*, *Bariteau v. PNC Fin. Servs. Group, Inc.*, 285 F. App'x 218, 222 (6th Cir. 2008) (unpublished) ("The Kentucky legislature has been specific in extending the discovery rule to some actions but not to others" and "[t]he Kentucky courts at the same time have hesitated to extend the discovery rule beyond these statutorily prescribed causes of action."); *McLain v. Dana Corp.*, 16 S.W.3d 320, 326 (Ky. Ct. App. 1999) (stating that "[a]pplication of the discovery rule under circumstances [in which it was not intended] . . . would defeat the very purpose of the [statute of] limitations.  As one court observed, 'logic dictates that such an exception is capable of swallowing the rule.'") (quoting *Simmons v. S. Cent. Skyworker's, Inc.*, 936 F.2d 268, 269 (6th Cir. 1991)).  Consistent with our role as a federal court sitting in diversity, we decline to do so now.[2]

---

[2]Because we hold that the discovery rule is not applicable, it is not necessary for us to address the primary issue raised by the new plaintiffs in this appeal – whether the district court erred in ruling that they failed, as a matter of law, to exercise reasonable diligence in discovering the nature and extent of their injuries.

III.

For these reasons, we affirm the judgment of the district court.[3]

---

[3]Unarco devotes more than twenty pages of its appellate brief to advance its argument that the district court's judgment should be affirmed on the alternative ground that the new plaintiffs failed to establish that Unarco breached a duty owed to them.  The new plaintiffs move to strike the issue from Unarco's brief.  In view of our disposition, we choose not to address the issue and dismiss as moot the motion to strike.