NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1004n.06

Nos. 10-5990, 10-6328

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| ROBERT BEVERLY, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) |
| | ) |
| MEVA FORMWORK SYSTEMS, INC., | ) |
| | ) |
| Defendant, | ) |
| | ) |
| and | ) |
| | ) |
| MEVA SCHALUNGS-SYSTEME GMBH, | ) |
| | ) |
| Defendant-Appellee. | ) |
| | ) |

**FILED**

*Sep 12, 2012*

DEBORAH S. HUNT, Clerk

**ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF KENTUCKY**

Before:  GIBBONS, GRIFFIN and DONALD, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.**  Plaintiff Robert Beverly appeals the district court's grant of summary judgment to Defendant MEVA Schaulungs-Systeme GMBH ("MEVA Germany"), and denial of his motion to reconsider, arguing that the district court erred when it concluded that his amended complaint did not relate back to the filing of his original complaint pursuant to Federal Rule of Civil Procedure 15(c).  For the reasons set forth below, we affirm.

**I.**

On May 15, 2007, a large concrete form fell on and injured Beverly while he was

working on a construction site in Bedford, Kentucky. On May 14, 2008, Beverly filed a complaint in Trimble Circuit Court asserting claims against MEVA Formwork Systems, Inc. ("MEVA USA"), a United States corporation, for negligent training and instruction of individuals working on the forms; negligent failure to warn Beverly and others of the dangers associated with installing plates on the forms; defective manufacture of the forms; and breach of implied and express warranties. MEVA USA removed the action to the United States District Court for the Eastern District of Kentucky and answered the complaint. The parties proceeded to engage in discovery.

On January 19, 2009, after Kentucky's one-year statute of limitations for personal injury claims had run, Beverly moved for leave to file an amended complaint. In support of his motion, Beverly stated that he had learned through discovery that MEVA Germany—MEVA USA's parent company—had manufactured the concrete form that fell on him and authored the manual that provided purchasers with instructions regarding how to use the concrete forms. Beverly's proposed amended complaint retained his original claims against MEVA USA and added claims against MEVA Germany for negligent training and instruction of individuals working on the forms; negligent failure to warn; defective manufacture; and breach of implied and express warranties. The district court granted Beverly's motion for leave to file an amended complaint.

Thereafter, MEVA Germany moved for summary judgment, arguing that Counts five through seven of the amended complaint were barred by the applicable one-year statute of

2

limitations.[1]  Beverly opposed the motion, arguing that his claims against MEVA Germany were not time-barred because the amended complaint related back to the filing of the original complaint pursuant to Federal Rule of Civil Procedure 15(c).  In reply, MEVA Germany argued that Beverly's amended complaint did not relate back to the filing of the original complaint because an amendment which adds a party does not relate back to the filing of the original complaint for purposes of limitations.  In the alternative, MEVA Germany argued that it did not have sufficient identity of interest with MEVA USA to impute MEVA USA's knowledge of Beverly's lawsuit to it.

On March 16, 2010, Beverly moved to file a sur-reply to which he attached several exhibits that he had not attached to his opposition to MEVA Germany's motion for summary judgment.  On March 24, 2010, the district court granted MEVA Germany's motion for summary judgment.  The court noted that Counts five through seven were subject to a one-year limitations period pursuant to Kentucky Revised Statute § 413.140(1)(a), which governs personal injury actions.  It held that the amendments did not relate back under Rule 15(c)(1)(C) because MEVA Germany did not—within 120 days of the filing of the original complaint—(i) receive notice of Beverly's lawsuit such that it would not be prejudiced in defending the suit, and (ii) know, nor should have known, that the action would have been brought against it but for a mistake concerning the proper party's identity.  Beverly moved

---

[1]MEVA Germany also argued that it was entitled to summary judgment on Count eight—the breach of warranty claim—because there was no privity of contract between Beverly and MEVA Germany.  Beverly agreed, and the grant of summary judgment to MEVA Germany on Count eight is not at issue on appeal.

for reconsideration of the court's order granting MEVA Germany's motion for summary

judgment, a motion which the court denied.

Beverly pursued his claims against MEVA USA, and the parties eventually reached

a settlement. Beverly now appeals the district court's order granting MEVA Germany's

motion for summary judgment.

## II.

The pivotal issue in this case is whether MEVA Germany had notice within the

period prescribed by Rule 15(c) that Beverly intended to bring an action against it but

brought an action against MEVA USA due to mistake. We review the district court's

determination that Beverly's amended complaint did not relate back to the filing of his

original complaint *de novo*. *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501

F.3d 493, 516 (6th Cir. 2007).

Federal Rule of Civil Procedure 15(c)(1) governs when an amended pleading relates

back to the date of a timely filed original pleading. It provides, in pertinent part:

> An amendment to a pleading relates back to the date of the original pleading
> when:
> . . .
>
> (B) the amendment asserts a claim or defense that arose out of the conduct,
> transaction, or occurrence set out—or attempted to be set out—in the original
> pleading; or
>
> (C) the amendment changes the party or the naming of the party against
> whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the
> period provided by Rule 4(m) for serving the summons and complaint, the
> party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in

defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

The claims asserted in Beverly's original and amended complaints arose from the same incident and are nearly identical. *See* Fed. R. Civ. P. 15(c)(1)(B). The relation back issue therefore turns on whether MEVA Germany received sufficient notice of the lawsuit and whether it knew or should have known that but for a mistake of identity it would have been named in the original complaint.

The notice required by Rule 15(c) can be either actual or constructive. *Force v. City of Memphis*, 101 F.3d 702, 1996 WL 665609, at *2 (6th Cir. 1996) (table) (citing *Berndt v. Tennessee*, 796 F.2d 879 (6th Cir. 1986). We have articulated the following, non-exhaustive list of factors to consider in determining whether a newly-named defendant had constructive notice of a lawsuit: "the relationship of the new defendants to the defendant(s) originally named, whether the same attorney represented both the original and new defendants, and whether the defendants are officials of the original defendant." *Id.* (citing *Berndt*, 796 F.2d at 884).

Here, Beverly does not claim that MEVA Germany had actual notice. Instead, Beverly argues that constructive notice can be inferred from the following facts: MEVA Germany is the sole owner of MEVA USA; MEVA Germany and MEVA USA hold themselves out as one company on their shared website and in certain instruction manuals; a MEVA USA employee referred to the two companies interchangeably as "MEVA" during his deposition; MEVA Germany and MEVA USA were represented by the same counsel

before Beverly filed his amended complaint; and certain MEVA USA employees are trained by MEVA Germany.

The evidence Beverly cites is simply insufficient to impute notice of Beverly's suit from MEVA USA to MEVA Germany. First, the fact that the companies shared a website and that some of MEVA USA's employees were trained by MEVA Germany is clearly insufficient to impute notice of Beverly's suit from MEVA USA to MEVA Germany. Many parent companies train employees of subsidiaries and establish a single website to provide information about their entire corporate operation. This does not mean that the parent has, or should have, notice of every lawsuit filed against its subsidiary. Similarly, the fact that one employee referred to the two companies interchangeably as "MEVA" does not establish that MEVA Germany had constructive notice of Beverly's suit.

Second, Beverly's claim that the companies shared counsel is premised on a single interrogatory response in which MEVA USA's counsel "object[ed] to any ex parte contacts with its parent company, MEVA [Germany], outside of legal counsel." (R. 101-1, at 2 n. 2.) Beverly contends that the only reasonable interpretation of this objection is that MEVA USA's counsel was representing MEVA Germany as well, and was informing Beverly that he would be in violation of Kentucky Supreme Court rules prohibiting contact with a represented party if he contacted MEVA Germany directly. This is pure speculation: nothing in the record indicates that MEVA USA's counsel represented MEVA Germany at the time of the filing of the original complaint. At the time the amended complaint was filed, MEVA Germany was represented by independent counsel. (*Compare* R. 53 at 7

(MEVA Germany represented by Porter Wright Morris & Arthur LLP) *with* R. 101-1 at 7 (MEVA USA represented by Blackburn Hundley & Domene PLLC)). We are unwilling to conclude from an ambiguous footnote in MEVA USA's interrogatory responses that MEVA USA and MEVA Germany were represented by the same counsel at the time the original complaint was filed. Under these facts, MEVA USA's knowledge of Beverly's suit cannot be imputed to MEVA Germany.

Beverly argues that the Supreme Court's decision in *Krupski v. Costa Crociere, S.p.A.* supports relation back of his amended complaint. 130 S. Ct. 2485, 2497 (2010). It does not. In *Costa Crociere*, the district court determined that the defendant named in the amended complaint had constructive notice of the plaintiff's suit within the Rule 4(m) period but held that the amended complaint did not relate back under Rule 15(c) because the *plaintiff* knew or should have known of the proper defendant's identity within the limitations period. *Id.* at 2492, 2497. The Supreme Court reversed, clarifying that the added defendant's knowledge, not the plaintiff's knowledge, was the focus of the Rule 15(c) inquiry. *See id.* at 2496–97. *Costa Crociere* is of no aid to Beverly. Here the district court properly focused on what MEVA Germany knew or should have known and concluded that it did not have constructive notice of the suit.

Because MEVA Germany lacked constructive notice of Beverly's suit, we need not examine the line of cases in this circuit that preclude relation back under Rule 15(c) where the plaintiff seeks to add a new defendant. *See In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir. 1991); *Smart v. Ellis Trucking Co.*, 580 F.2d 215, 218

(6th Cir. 1978); *Marlowe v. Fisher Body*, 489 F.2d 1057, 1064 (6th Cir. 1973); *cf. Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010) (amendment to pleading adding otherwise untimely plaintiffs and their claims did not relate back to date of timely-filed original pleading). While these cases arguably preclude relation back in this particular situation, they differ from the instant case because the new party in those cases was unrelated to the original party. Here, where lack of notice to MEVA Germany provides an easy basis for resolution, we need not explore whether this factual difference affects the analysis. Accordingly, we affirm the judgment of the district court.