*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 13a0209p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

MARGARET BOAZ,

    *Plaintiff-Appellant*,

  v.

FEDEX CUSTOMER INFORMATION SERVICES, INC.; FEDERAL EXPRESS CORPORATION d/b/a FedEx,

    *Defendants-Appellees*.

No. 12-5319

> Appeal from the United States District Court
> for the Western District of Tennessee at Memphis.
> No. 2:09-cv-02232—Diane K. Vescovo, Magistrate Judge.

Argued: January 16, 2013

Decided and Filed: August 6, 2013

Before: BATCHELDER, Chief Judge; MERRITT and KETHLEDGE, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Adam W. Hansen, NICHOLS KASTER, Minneapolis, Minnesota, for Appellant. M. Kimberly Hodges, FEDERAL EXPRESS CORPORATION, Memphis, Tennessee, for Appellee. Mary E. McDonald, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Amicus Curiae. **ON BRIEF:** Adam W. Hansen, NICHOLS KASTER, Minneapolis, Minnesota, Stephen H. Biller, THE BILLER LAW FIRM, Memphis, Tennessee, for Appellant. M. Kimberly Hodges, FEDERAL EXPRESS CORPORATION, Memphis, Tennessee, for Appellee. Mary E. McDonald, Paul L. Frieden, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., William D. Sargent, Robert J. Muchnick, Matthew S. Disbrow, HONIGMAN MILLER SCHWARTZ AND COHN LLP, Detroit, Michigan, for Amici Curiae.

———————————

**OPINION**

———————————

KETHLEDGE, Circuit Judge.   The Supreme Court held decades ago that an employee is not free to waive her claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*   Here, Margaret Boaz is a FedEx employee who sued FedEx under both the FLSA and the Equal Pay Act, 29 U.S.C. § 206(d).   Although Boaz's claims were timely under the multi-year limitations periods in those Acts, her claims were untimely under the six-month limitations period in her employment agreement.   On that ground, the district court held that Boaz's claims were time-barred.   We hold that, as applied here, the limitations provision in Boaz's employment agreement operated as a waiver of her claims under the FLSA and the Equal Pay Act.   We therefore reverse.

I.

Boaz began working for FedEx in 1997.   Her employment agreement includes the following provision: "To the extent the law allows an employee to bring legal action against Federal Express Corporation, I agree to bring that complaint within the time prescribed by law or 6 months from the date of the event forming the basis of my lawsuit, whichever expires first."

FedEx categorizes employee positions by grade levels, which correspond to compensation rates.   In 2003, Boaz held a grade-7 position.   In late 2003 and early 2004, FedEx eliminated a number of positions, including a grade-27 position held by Jim Terrell.   When Terrell left in January 2004, Boaz took on some of his responsibilities, which Boaz continued performing through June 2008.   But her compensation did not reflect that change:  she remained a grade-7 employee until December 1, 2004, when she accepted a new position, which was grade-25.   FedEx reclassified that position as grade-23 six months later.   Approximately three years later—in June 2008—Boaz accepted a new grade-22 position in which she no longer performed any of Terrell's former duties.   On June 30, 2008, Boaz received her last paycheck as a grade-23 employee.

Boaz sued FedEx in April 2009, asserting claims under the FLSA and the Equal Pay Act. Boaz alleged that, from January 2004 through June 2008, FedEx had violated the Equal Pay Act, 29 U.S.C. § 206(d), by paying her less than it had paid Terrell for performing the same duties. She also alleged that FedEx failed to pay overtime compensation to her as required by the FLSA, 29 U.S.C. § 207(a).

FedEx moved for summary judgment, arguing that Boaz's claims were untimely under her employment agreement because the last alleged illegal activity—the issuance of Boaz's June 30, 2008 paycheck—occurred more than six months before she filed suit. The district court agreed and granted the motion. This appeal followed.

## II.

We review the district court's grant of summary judgment de novo. *See Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 317 (6th Cir. 2010) (citation omitted).

## A.

The Fair Labor Standards Act of 1938 mandates that employers pay a federally-established minimum wage, as well as overtime, to certain types of employees. 29 U.S.C. §§ 206(a), 207(a). An employer who violates the FLSA must pay the affected employee "the amount of their unpaid minimum wages, or their unpaid overtime compensation . . . and [] an additional equal amount as liquidated damages." *Id.* § 216(b). The statute of limitations for the FLSA is two years for non-wilful violations and three years for wilful ones. 29 U.S.C. § 255(a).

Shortly after the FLSA was enacted, the Supreme Court expressed concern that an employer could circumvent the Act's requirements—and thus gain an advantage over its competitors—by having its employees waive their rights under the Act. *See Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697, 706–10 (1945). Such waivers, according to the Court, would "nullify" the Act's purpose of "achiev[ing] a uniform national policy of guaranteeing compensation for all work or employment engaged in by employees covered by the Act." *Jewell Ridge Coal Corp. v. Local No. 6167, United Mine Workers of Am.*, 325 U.S. 161, 167 (1945); *see also O'Neil*, 324 U.S. at 707. The Court therefore

held that employees may not, either prospectively or retrospectively, waive their FLSA rights to minimum wages, overtime, or liquidated damages. *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 114 (1946); *O'Neil*, 324 U.S. at 707; *see also Runyan v. Nat'l Cash Register Corp.*, 787 F.2d 1039, 1041–42 (6th Cir. 1986) (en banc).

The issue here is whether Boaz's employment agreement operates as a waiver of her rights under the FLSA. Boaz accrued a FLSA claim every time that FedEx issued her an allegedly illegal paycheck. *See Hughes v. Region VII Area Agency on Aging*, 542 F.3d 169, 187 (6th Cir. 2008). She filed suit more than six months, but less than three years, after her last such paycheck—putting her outside the contractual limitations period, but within the statutory one.

An employment agreement "cannot be utilized to deprive employees of their statutory [FLSA] rights." *Jewell Ridge*, 325 U.S. at 167 (quotation omitted). That is precisely the effect that Boaz's agreement has here. Thus, as applied to Boaz's claim under the FLSA, the six-month limitations period in her employment agreement is invalid.

FedEx (along with its amicus, Quicken Loans) responds that courts have enforced agreements that shorten an employee's limitations period for claims arising under statutes other than the FLSA—such as Title VII. And FedEx argues that the discrimination barred by Title VII (*i.e.*, racial discrimination) is just as bad as the discrimination barred by the FLSA, and hence that, if an employee can shorten her Title VII limitations period, she should be able to shorten her FLSA limitations period too. But that argument is meritless for two reasons. First, employees can waive their claims under Title VII. *See, e.g.*, *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 52 (1974). Second—and relatedly—an employer that pays an employee less than minimum wage arguably gains a competitive advantage by doing so. *See Citicorp Indus. Credit, Inc. v. Brock*, 483 U.S. 27, 36 (1987). An employer who refuses to hire African-Americans or some other racial group does not. The Court's rationale for prohibiting waiver of FLSA claims is therefore not present for Title VII claims.

FedEx also relies on *Floss v. Ryan's Family Steak Houses, Inc.*, 211 F.3d 306 (6th Cir. 2000). There, we held that an employee asserting an FLSA claim can waive her right to a judicial forum, and instead arbitrate the claim. *Id.* at 313, 316. From that holding FedEx extrapolates that employees can waive their "procedural" rights under the FLSA even if they cannot waive their "substantive" ones. But the FLSA caselaw does not recognize any such distinction. That is not surprising, given that the distinction between procedural and substantive rights is notoriously elusive. *See Sun Oil Co. v. Wortman*, 486 U.S. 717, 726 (1988). More to the point, *Floss* itself said that an employee can waive his right to a judicial forum only if the alternative forum "allow[s] for the effective vindication of [the employee's] claim." 211 F.3d at 313. The provision at issue here does the opposite.

The limitations provision in Boaz's employment agreement operates as a waiver of her FLSA claim. As applied to that claim, therefore, the provision is invalid.

### B.

Whether that same provision is valid as applied to Boaz's claim under the Equal Pay Act turns on whether employees can waive their claims under that Act. For two reasons, binding precedent makes clear that the answer to that question is no. First, we presume that Congress is aware of the law (including judicial precedent) relevant to legislation it enacts. *Merck & Co. v. Reynolds*, 130 S. Ct. 1784, 1795 (2010); *Goodyear Atomic Corp. v. Miller*, 486 U.S. 174, 184–85 (1988). In 1963, Congress enacted the Equal Pay Act as an amendment to the FLSA. *See* 29 U.S.C. § 206(d). By then the Supreme Court had already held that employees cannot waive their FLSA claims for unpaid wages and liquidated damages. *See Gangi*, 328 U.S. at 114; *O'Neil*, 324 U.S. at 707. We therefore presume that, by folding the Equal Pay Act into the FLSA, Congress meant for claims under the Equal Pay Act to be unwaivable as well. *See Forest Grove Sch. Dist. v. T.A.*, 557 U.S. 230, 239–40 (2009); *Miles v. Apex Marine Corp.*, 498 U.S. 19, 31–32 (1990).

Second, the Supreme Court's rationale for barring waiver of FLSA claims appears fully applicable to claims under the Equal Pay Act. An employer who pays

women less than a lawful wage might gain the same competitive advantage as an employer who pays less than minimum wage. Indeed the Court has said that "[t]he whole purpose of the [Equal Pay Act] was to require that the[] depressed wages [of women] be raised, in part as a matter of simple justice to the employees themselves, but also as a matter of market economics[.]" *Corning Glass Works v. Brennan*, 417 U.S. 188, 207 (1974).

An employee's claims under the Equal Pay Act, therefore, cannot be waived. The limitations provision in Boaz's employment agreement operates as a waiver of her claim under that Act. As applied to that claim, therefore, the provision is invalid.

C.

FedEx seeks affirmance on the alternative ground that the allegedly undisputed facts show that Boaz cannot prevail on her FLSA and Equal Pay Act claims. Although we "may affirm on any grounds supported by the record[,]" *Pahssen v. Merrill Cmty. Sch. Dist.*, 668 F.3d 356, 362 (6th Cir. 2012), the record does not support affirmance here.

1.

Some employees, such as people who work in "executive, administrative, or professional capacit[ies,]" are exempt from the FLSA's coverage. *See* 29 U.S.C. § 213(a). FedEx argues that Boaz's own testimony shows that she was an exempt employee. In particular, FedEx relies on Boaz's statement that her grade-23 job was "an exempt position."

An employee's subjective belief that her position was exempt from the FLSA, however, does not mean the position was exempt as a matter of law. *Cf. Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 300–01 (1985) (witnesses' testimony that they were volunteers was not dispositive of whether they were actually employees under the FLSA). Were it otherwise, an employer could obtain waivers of FLSA claims merely by having its employees sign a form stating that they are exempt. FedEx is therefore not entitled to summary judgment on this ground.

2.

FedEx argues that Boaz cannot prevail on her Equal Pay Act claims because she lacks evidence that FedEx "paid different wages to an employee of the opposite sex for substantially equal work." *Timmer v. Mich. Dep't of Commerce*, 104 F.3d 833, 843 (6th Cir. 1997). But FedEx does not dispute that it paid Terrell more than it paid Boaz. And Boaz's evidence suggests that she and Terrell performed jobs that were substantially similar. Thus, FedEx is not entitled to summary judgment on this ground either.

Finally, FedEx argues that it has established an affirmative defense to Boaz's claim under the Equal Pay Act. An employer is not liable under the Act if its reason for paying an employee of one sex less than an employee of the opposite sex is "based on any other factor other than sex[.]" 29 U.S.C § 206(d)(1). FedEx says that it paid Boaz less than Terrell because, when Terrell left, it reviewed his former duties and then reclassified his position as a lower-paying one. But FedEx ignores Boaz's evidence that FedEx did not, in fact, review Terrell's former duties or reclassify his position. Indeed one FedEx memorandum suggested that FedEx was not clear on what Terrell's duties had been. *See* R. 61-6 at 38 ("It is unclear whether this was all of the work Terrell performed."). Thus, there are genuine disputed issues of material fact as to Boaz's Equal Pay Act claim.

\*     \*     \*

The district court's judgment is reversed, and the case remanded for further proceedings consistent with this opinion.