# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 21-7116**

MELVIN BROWN,
> APPELLANT

v.

SANDRA HILL, ET AL.,
> APPELLEES

**September Term, 2022**

FILED ON: MAY 19, 2023

Appeal from the United States District Court
for the District of Columbia
(No. 1:14-cv-00140)

Before: CHILDS, *Circuit Judge*, and EDWARDS and GINSBURG, *Senior Circuit Judges*.

## J U D G M E N T

The court considered this appeal on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of the parties. The Court has afforded the issues full consideration and determined they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the reasons stated below, it is hereby

**ORDERED AND ADJUDGED** that the district court's September 17, 2021 memorandum opinion and order and its September 20, 2021 memorandum opinion (together the September 2021 opinions) be **AFFIRMED.**

\* \* \*

For almost ten years, Appellant Melvin Brown has tried to recover monetary damages from the District of Columbia (the District) and one of its municipal mental health service providers, So Others Might Eat (SOME), because the alleged actions of their employees caused Brown to suffer great trauma related to an involuntary, emergency psychiatric hospitalization. As both a pro se plaintiff and as a party represented by counsel, Brown has on four occasions attempted to plead allegations sufficient to survive scrutiny under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Unfortunately, we, after de novo review, find Brown's claims still fail and affirm

1

the district court's dismissal of his fourth amended complaint.[1] *See Willner v. Dimon*, 761 F. App'x 1, 3 (D.C. Cir. Mar. 1, 2019) (per curiam) (applying a de novo standard of review for dismissal under Rule 12 (citing *GSS Grp. Ltd. v. Nat'l Port Auth. of Liber.*, 822 F.3d 598, 604–05 (D.C. Cir. 2016); *Moore v. Valder*, 65 F.3d 189, 192 (D.C. Cir. 1995)).

## I.

In his fourth amended complaint, Brown asserted eighteen civil rights and tort claims against employees of the District, SOME, and a second municipal mental health service provider, Green Door Behavioral Health (Green Door). In the September 2021 opinions, the district court denied Brown's request to reconsider the dismissal of the District, SOME, Dr. Amelia Villaruz, a psychiatrist at the District's Comprehensive Psychiatric Emergency Program, and David Walker, an employee of the District's Department of Behavioral Health (DBH); and further dismissed from the action six other individuals. Brown appealed these dismissals arguing the district court erred by: (1) not equitably tolling the statute of limitations in order to relate Brown's claims in the fourth amended complaint back to his original complaint; (2) dismissing the District and SOME even though they were proper defendants in the district court case; (3) finding that SOME and its employees were not state actors under 42 U.S.C. § 1983; and (4) granting SOME and its employees judgment on the pleadings as to Brown's claim for intentional infliction of emotional distress (IIED). We will address each of Brown's arguments on appeal in turn.

## II.
## A.

At the outset, we affirm the district court's ruling that equitable tolling cannot save Brown's claims arising under § 1983 and D.C. Code § 7-1202 (West 2023) against the District, Dr. Villaruz, and Walker. To qualify for equitable tolling, Brown had to establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citation omitted). Brown contends that equitable tolling should apply to his claims because he was a pro se litigant at the time he filed his complaint and was unable to identify Dr. Villaruz and Walker until after he received his medical records from the DBH, which occurred on or about August 5, 2014.

Brown filed the original complaint on December 11, 2013, which was timely under the

---

[1] We have jurisdiction under 28 U.S.C. § 1291. When Brown filed his notice of appeal, there remained only two named defendants who had never been served with process, and unserved defendants "are not 'parties' within the meaning of Rule 54(b)." *Cambridge Holdings Grp., Inc. v. Fed. Ins. Co.*, 489 F.3d 1356, 1360 (D.C. Cir. 2007). Under our precedent, "a district court order disposing of all claims against all properly served defendants" constitutes a final judgment "even if claims against those not properly served remain unresolved." *Id.* at 1360-61. Because the September 2021 orders resolved all of the pending claims against all served defendants, the decision of the district court was final, and we have jurisdiction.

applicable three-year statute of limitations.[2]  However, Brown did not identify Dr. Villaruz or Walker in that pleading and the limitations period for claims against them expired in January 2014. Brown did not file the petition seeking his medical records from the DBH until June 19, 2014, five months later.  Moreover, once he received the medical records, Brown waited an additional three months until November 21, 2014, to file an amended complaint wherein Dr. Villaruz and Walker were named as defendants.  After considering these factual underpinnings, we are unable to find that Brown pursued his rights as diligently as required for application of equitable tolling.  *Cf. Holland v. Florida*, 560 U.S. 631, 653 (2010) ("The diligence required for equitable tolling purposes is 'reasonable diligence,' . . . not 'maximum feasible diligence.'" (citations omitted)). However, even if we did find that Brown's actions were sufficiently diligent, he cannot establish the requisite extraordinary circumstance because the lawsuit he filed to obtain the medical records is not the kind of remarkable situation that justifies application of equitable tolling.  *See Menominee Indian Tribe of Wis. v. United States*, 764 F.3d 51, 58 (D.C. Cir. 2014) ("To count as sufficiently 'extraordinary' to support equitable tolling, the circumstances that caused a litigant's delay must have been beyond its control . . . [and] cannot be a product of that litigant's own misunderstanding of the law or tactical mistakes in litigation." (citation omitted)).

We next affirm the district court's determination that Brown cannot utilize Rule 15(c)'s relation back doctrine to make timely his claims in the fourth amended complaint against the District, Dr. Villaruz, and Walker.  In the original complaint filed within the statute of limitations, Brown named a single employee of the District, Randy Raybon, as a party defendant.  Relation back cannot help Brown bring timely claims against the District, Dr. Villaruz, and Walker because the precedent of this Circuit holds that "Rule 15(c) deals expressly only with amendments changing defendants, . . . ."  *Leachman v. Beech Aircraft Corp.*, 694 F.2d 1301, 1308 (D.C. Cir. 1982) (citing Fed. R. Civ. P. 15(c)).  In this regard, Brown seeks to add new parties and new causes of action, which do not fall within the relation back doctrine's protections of untimely filings for purposes of the statute of limitations.  *E.g.*, *Zakora v. Chrisman*, 44 F.4th 452, 480 (6th Cir. 2022) (citation omitted); *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010) ("[T]he precedent of this circuit clearly holds that 'an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations.'" (citations omitted)).  Though Brown argues that the District, Dr. Villaruz, and Walker had actual or constructive notice of his lawsuit, that argument would only warrant consideration here if there were a mistake in the original complaint regarding the identity of the proper party to be named as defendant.  *See, e.g.*, *Rendall-Speranza v. Nassim*, 107 F.3d 913, 919 (D.C. Cir. 1997) ("We are also mindful that under Rule 15(c) an amended complaint does not relate back to the date of the original complaint unless the potential defendant knew or should have known that the plaintiff failed to name it originally only because of a mistake concerning its identity.").

___

[2] The statute of limitations for § 1983 claims borrows from local statutes for personal injury actions.  In the District, a 1-year statute of limitations governs specified enumerated intentional torts, and a 3-year statute covers all other tort actions.  *Earle v. Dist. of Columbia*, 707 F.3d 299, 305 (D.C. Cir. 2012) (citing D.C. Code § 12-301(4), (8)).

**B.**

We also cannot agree with Brown's assertion that the district court committed error in dismissing the District and SOME. Even though he did not list either the District or SOME as a party in the caption or in the "PARTIES" section of the fourth amended complaint, Brown argues that (1) the District was a proper party in the litigation because he sued the District's employees in their official and individual capacities; and (2) SOME and its employees were state actors for purposes of his § 1983 claims. Brown is simply wrong on both accounts.

Brown contends that the District is an appropriately named party because he identified Dr. Villaruz, Walker, and two other employees of the DBH, William Peters and Isha Edwards, as defendants sued in their official and individual capacities. However, Brown's allegations regarding the actions of these individuals do not create liability for the District as a defendant. In *Monell v. Department of Social Services*, the Supreme Court held "that Congress did not intend municipalities to be held liable [under 42 U.S.C. § 1983] unless action pursuant to official municipal policy of some nature caused a constitutional tort." 436 U.S. 658, 691 (1978). The Supreme Court further "conclude[d] that a municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Id.* "Rather, the injury must be inflicted by municipal lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Thompson v Dist. of Columbia*, 967 F.3d 804, 810 (D.C. Cir. 2020) (citation and internal quotations omitted) (quoting *Monell*, 436 U.S. at 694). Thus, "[t]he only acts that count . . . are ones by a person or persons who have 'final policymaking authority [under] state law.'" *Triplett v. District of Columbia*, 108 F.3d 1450, 1453 (D.C. Cir. 1997) (quoting *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989)). Brown has not alleged, much less shown, that in the area of mental health Dr. Villaruz, Walker, Peters, and Edwards held "final policymaking authority," thereby subjecting the District to liability for their alleged actions. *Cf.* D.C. Code § 7-1131.05(5) (West 2023) ("The Department shall be administered by a full-time Director . . . who shall . . . issue and enforce all rules and regulations necessary and appropriate to the proper accomplishment of the mental health duties and functions imposed . . . .").

Brown also contends that SOME and its employees are liable under § 1983 because they were state actors under either the "public function test" or the "joint action test." Brown argues that SOME and its employees were state actors under the public function test because they provided community-based mental health services and protected mental health records, which are functions traditionally reserved for the state. He further argues the joint action test is satisfied because SOME and its employees engaged in a conspiracy with an employee of the District which resulted in an impermissible disclosure of his protected mental health information.

To satisfy the public function test, Brown must show that SOME exercised "powers which are traditionally exclusively reserved to the state, such as holding elections . . . or eminent domain, . . . ." *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149 (1978); *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352 (1974)). However, Brown cannot make this showing because "[p]roviding mental health services has not been a power which

4

has traditionally been exclusively reserved to the state," *id.*, neither is the act of providing low-income housing. *See Cruz-Arce v. Mgmt. Admin. Servs. Corp.*, 19 F.4th 538, 545 (1st Cir. 2021). Because we find that the services cited by Brown are not typically powers traditionally reserved for the state, he is unable to plausibly allege that SOME and its employees are state actors under the public function test.

We further do not find that SOME or its employees are state actors under the joint action test. "A plaintiff can show joint action either 'by proving the existence of a conspiracy or by showing that the private party was a willful participant in joint action with the State or its agents.'" *O'Handley v. Weber*, 62 F.4th 1145, 1159 (9th Cir. 2023) (citation omitted). To use the conspiracy approach, Brown would have to "show a 'meeting of the minds' between the government and the private party to 'violate constitutional rights.'" *Id.* (citation omitted). The willful participant test requires that there be enough factual allegations to establish that the government "so far insinuated itself into a position of interdependence . . . . that it must be recognized as a joint participant in the challenged activity." *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 725 (1961). We considered Brown's allegations regarding communications between employees of the District, SOME, and Green Door and find them to be too conclusory and lacking in the necessary substantive factual specifics to establish either "a meeting of the minds to violate constitutional rights" or the District's significant involvement in the activities of their mental health service providers.

## C.

Finally, we affirm the district court's dismissal of Brown's claim for IIED. Brown based his IIED claim on the contention that SOME's employees intentionally disclosed his protected mental health information for the malevolent purpose of removing him from his transitional housing facility and that action fulfilled the pleading requirement of extreme and outrageous conduct. To sufficiently plead a claim for IIED, Brown was required to show "(1) extreme and outrageous conduct on the part of the defendants, which (2) intentionally or recklessly (3) caused [Brown] severe emotional distress." *Williams v. District of Columbia*, 9 A.3d 484, 493–94 (D.C. 2010) (quoting *Futrell v. Dep't of Labor Fed. Credit Union*, 816 A.2d 793, 808 (D.C. 2003)). Brown fails to establish all of these elements in the fourth amended complaint.

For conduct to be extreme and outrageous, it must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community." *Amobi v. D.C. Dep't of Corr.*, 755 F.3d 980, 995 (D.C. Cir. 2014) (quoting *Bernstein v. Fernandez,* 649 A.2d 1064, 1075 (D.C. 1991)). The conduct of disclosing Brown's protected mental health information is neither beyond all possible bounds of decency nor utterly intolerable. In fact, the disclosure Brown complains about is actually permissible when, like here, the disclosing party reasonably believes disclosure is necessary to "protect the client or another individual from a substantial risk of imminent and serious physical injury." D.C. Code § 7-1203.03(a) (West 2023). Additionally, our circuit precedent requires that to qualify as severe emotional distress, the alleged distress must be "of so acute a nature that harmful physical consequences might be not unlikely to result . . . even though

5

no demonstrable physical consequences actually ensue." *Clark v. Associated Retail Credit Men of Wash., D.C.*, 105 F.2d 62, 65 (D.C. Cir. 1939) (citation omitted). Brown's sole allegation of humiliation and distress does not rise to the level of harm necessary for relief. As a result, Brown's claim for IIED fails.

## III.

Accordingly, we affirm the district court's September 2021 opinions dismissing Appellant Melvin Brown's fourth amended complaint.

\* \* \*

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. Rule 41(a)(1).

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/
Daniel J. Reidy
Deputy Clerk